PAUL STEPHENS *et al.*, appellants, *v.* SAMUEL SWEENEY, appellee.

### *Appeal from Jo Daviess.*

The general rule, is well settled that the plaintiff can recover no more damages than are laid in his declaration.

It is also a well settled rule, that the plaintiff may remit the excess, and so cure the verdict, and take judgment for the amount laid in his declaration.

In an action of debt, the *ad damnum* in the declaration was $50, but a judgment was rendered for $116·03: *Held* to be erroneous, but that the party might, upon leave in the Court below, amend his declaration, and then take judgment for his damages, unless a new trial should be indispensable to do justice to the defendants by reason of such amendment.

It was assigned for error, that the Circuit Court rendered judgment against one of two defendants who had not been served with process, nor entered his appearance. On inspection of the record, the judgment appeared to have been entered against the "defendant:" *Held*, that there was no error, as the term could only be applied to the "defendant" in Court.

Debt on an appeal bond, in the Jo Daviess Circuit Court, brought by Samuel Sweeney against Paul Stephens and William C. E. Thomas. The cause was heard before the Hon. Thomas C. Browne and a jury, at the March term 1845. Verdict and judgment for the plaintiff and against the "defendant" for $116·03.

There was no service on Stephens. Thomas only appeared in Court, and answered the declaration. The *ad damnum* laid in the declaration was $50—the penalty of the bond, $200. Thomas entered and alone prosecuted the appeal.

*C. Gilman,* and *I. P. Stevens,* for the appellant.

It is a well settled principle, that a party can recover no more damages than he demands; the *ad damnum* is the limit, and it cannot be exceeded. *Jones* v. *Lloyd,* Bre. 174; *Fournier* v. *Faggott,* 3 Scam. 347, and cases there cited; *Hoit* v. *Molony,* 2 N. Hamp. 323; *Percival* v. *Spencer,* Yelv. 45, note; *Chewley* v. *Morriss,* 2 W. Black. 1300; Graham's Pr. 323, 324; 3 Tidd's Pr. 896; 1 Chitty's Pl. 372.

*O. C. Pratt,* for the appellee.

The *ad damnum* in this action is merely nominal, and in this case, is in the usual form; the actual damages are set out in the body of the declaration. The case in 3 Scam. is not a parallel case.

But if the Court should deem it an error, the party may enter a *remittitur* of the excess, and take judgment for the residue; this we now offer to do.

*Gilman,* in reply. The offer to remit comes too late. The party, on motion in the Court below, could have so done before judgment, and while the record was within its control. *Fournier* v. *Faggott,* and *Hoit* v. *Molony,* before

cited; *Usher* v. *Dansey*, 4 Maul. & Sel. 93; *Curtis* v. *Lawrence*, 17 Johns. 111; *Pickwood* v. *Wright*, 1 H. Black. 643.

The Opinion of the Court was delivered by

SCATES, J.* Debt on an appeal bond for $200. The condition of the bond was to pay whatever judgment might be rendered upon the trial or dismissal of the appeal. The declaration averred that upon trial of the appeal, the Court rendered a judgment for Sweeney for $96·72 and cost. The breach assigned is the non-payment of this judgment, and concludes to his damage, $50. Service was made upon Thomas only, who pleaded *non est factum.* Verdict for the plaintiff for $200 debt, and $116·03 damages. The Court below rendered judgment for the debt, to be satisfied upon payment of the damages assessed by the jury.

This is assigned as error.

The general rule, that the plaintiff can recover no more damages than are laid in his declaration, is well settled. *Jones* v. *Lloyd*, Bre. 174; 1 Chitty's Pl. 172; Graham's Pr. 323–4; 2 Tidd's Pr. 896; *Pickwood* v. *Wright*, 1 H. Black. 642; *Fournier* v. *Faggott*, 3 Scam. 347.

In this last case, the rule was applied to the assessment of damages on debt on an appeal bond, and is in point in this case.

It is also a well settled rule, that the plaintiff may remit the excess, and so cure the verdict, and take judgment for the amount laid in his declaration.

In the case in 1 H. Black. 642, this was allowed after writ of error brought to reverse for this cause, on payment of cost on the writ of error.

The party may, upon leave in the Court below, amend his declaration, and then take judgment for his damages, unless a new trial should be indispensable to do justice to the defendant by reason of such amendment.

It it also assigned for error, that the Court below rendered a judgment against Paul Stephens, who had not been served

---

* WILSON, C. J., and Justices LOCKWOOD and YOUNG did not hear the argument.

with process, nor entered his appearance. But upon inspection of the judgment, we find it entered against the "defendant." This can only be applied to the "defendant" in Court. In this there is no error. The judgment will be reversed at the cost of the defendant, and the cause remanded with leave to the defendant to move for leave to amend the declaration.

*Judgment reversed.*