## Benjamin Glassman, Defendant in Error, v. Mary Behr, Plaintiff in Error.

## Gen. No. 18,177.

1. APPEALS AND ERRORS—*bonds.* In an action against the surety on a stay-of-execution bond, where such bond is signed by the surety and states that a judgment was entered against the principal in the bond in the municipal court on a certain day for a certain amount and is expressly conditioned for the payment of the judgment in case it should be affirmed, the surety is estopped to urge that the judgment was no judgment, but was a jumble of abbreviated hieroglyphics.

2. JUDGMENT—*when not uncertain.* In an action against the principal and surety on a stay-of-execution bond, a judgment rendered against ''the defendant'' is not uncertain where only the surety was served and appeared, since the word defendant can only be applied to the defendant in court.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 29, 1913.

B. M. SHAFFNER, for plaintiff in error.

SALTIEL & ROSSEN, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Defendant in error recovered a judgment in the Municipal Court against plaintiff in error in a suit upon a stay-of-execution bond signed by Benjamin Abramovitz, as principal, and by plaintiff in error, as surety. Both principal and surety were sued, but only the surety was served with process. She entered her appearance, and upon a trial before the court without a jury, the bond, the order of affirmance entered in this court, the bill of costs, and the "half-sheets" (or record) of the Municipal Court, purporting to show, in abbreviated form, the judgment against Abramovitz, were offered in evidence without objection. The plaintiff then rested, and no defense or motion of any kind being interposed so far as the record shows, a judgment was entered against the "defendant."

Two alleged errors are discussed in the briefs. It is urged that the original judgment was no judgment, but a meaningless jumble of abbreviated hieroglyphics, like that before the court in *Stein v. Meyers,* 253 Ill. 199. The point is not available to plaintiff in error, even if true. The principle of estoppel is applicable. In the bond signed by her, it is recited that a judgment was entered against the principal in the bond on a given day in the Municipal Court for a stated amount, and the bond is expressly conditioned for the payment of that judgment in case it should be affirmed. Her signature to the bond is "a solemn admission that there was such a judgment," and she "could not afterwards deny what she thus asserted to be true." *McCarthy v. Chimney Construction Co.,* 219 Ill. 616, 623.

It is also urged that the judgment in this case is erroneous because the suit was brought against two and judgment rendered only against "the defendant." It is said this renders the judgment uncertain. The record of the judgment recites that "thereupon, comes the plaintiff and the said defendant, Mary Behr, to this cause, and thereupon this cause comes on in regular

course for trial," etc. Then follow the finding and judgment against "the defendant." The word "defendant" can only be applied to the defendant in court, and hence in this there was no error. *Stephens v. Sweeney,* 7 Ill. 375.

The judgment of the Muncipal Court will be affirmed.

*Affirmed.*