ISAAC G. SMITH, plaintiff in error, *vs.* BENJAMIN WHITAKER, for the use of Samuel Jonas.

### *Error to Hancock.*

In an action upon an appeal bond, from the judgment of a justice of the peace, the defendant pleaded that there was no such judgment as was recited in the condition of the bond. Held that he was estopped from making such defence.

Where the fact which concludes the defendant from making the denial appears in the declaration, the estoppel may be insisted upon by a demurrer to the plea by which the same matter is set up as defence.

But if the matter of estoppel does not appear in the declaration, the plaintiff must, by a replication to the plea, expressly show such matter, and rely thereon.

The direction to justices in the statute, where an appeal is prayed, to take a bond in double the amount of the judgment and costs, is not imperative; and a bond, the penalty of which was more than double the amount of the judgment, is valid. And even though the statute is imperative, a bond which varied from it in that particular would still be good as a voluntary obligation.

This was an action in debt upon an appeal bond, given before a justice of the peace, brought by Whitaker against Smith, in the Hancock Circuit Court. The declaration recited the bond at length. The defendant pleaded : first, *non est factum*; second, that there is not any record of said supposed recovery upon the trial of said appeal; and third, that there is not any record of the said supposed judgment rendered by the said justice remaining on the docket of the said justice in his Court, in manner and form as recited in the condition of the said writing obligatory. On the first and second pleas issue was joined. To the third plea, plaintiff replied, that defendant, on the 28th day of January, 1841, made his said writing obligatory, sealed with his seal, &c., and made profert thereof. To this replication defendant demurred, and demurrer overruled.

The cause was submitted to the Court for trial, Purple, Judge, presiding, at November term, 1847. A judgment was rendered for the plaintiff below, for the sum of $250 debt, to be satisfied by the payment of $171 17, the damages found, and costs of suit. The defendant below sued out this writ and assigned the errors.

R. S. BLACKWELL, for plaintiff in error.

BROWNING & BUSHNELL, for defendant in error.

Opinion by Treat, C. J.:

*First.* Was the demurrer properly sustained to the third plea? The plea alleges, in substance, that there was no such judgment before the justice, as is recited in the condition of the bond sued on. The defendant was estopped by the record from making such an allegation. The bond is set out in the declaration, and it distinctly states that a judgment had been rendered by the justice. The very object of the parties in executing the bond was to prevent the collection of the judgment, and have the case re-heard in the Circuit Court; and the bond was expressly conditioned for the payment of the judgment, in the event it should be affirmed. It was, therefore, a solemn admission by the defendant that there was such a judgment. He voluntarily entered into an engagement, under his hand and seal, for the payment of the judgment; and he could not afterwards deny what he thus deliberately asserted to be true—the existence of the judgment. The principle of estoppel is clearly applicable. The fact which concluded the defendant from making the denial, appeared on the face of the declaration; and the estoppel was rightly insisted on by demurrer. Where the matter which operates as an estoppel appears in the declaration, the plaintiff may demur to a plea by which the defendant attempts to set up the same matter as a defence. But if the matter of estoppel does not appear on the face of the declaration, the plaintiff must, by a replication to the plea, expressly show such matter, and rely thereon. The following authorities abundantly show that the doctrine of estoppel applies in this case, and that the estoppel was properly raised by the demurrer. 1 Chitty's Pl., 634–5; Rainsford *vs.* Smith, Dyer, 196, *a*; Kemp *vs.* Goodall, 2 Lord Raymond, 1154; Palmer *vs.* Elkins, ibid, 1554; Lainson *vs.* Tremere, 1 Adolphus & Ellis, 792; Bowman *vs.* Taylor, 2 ibid, 278; Trimble *vs.* The State, 4 Blackford, 435.

*Second.* It is insisted that the demurrer should have been carried back and sustained to the declaration. The declaration is inartificially drawn, and may not pursue the precedents, but we are inclined to the opinion that it is substantially good. It sets forth the execution and contents of the bond, and then alleges, with reasonable certainty, the trial of the case in the Circuit Court, the affirmance of the judgment, and the non-payment thereof. This shows a breach of the condition of the bond.

The *gist* of this action is the non-payment of the judgment rendered on the trial of the appeal. It was not incumbent on the plaintiff to aver that the justice had jurisdiction, or that the bond was filed in the office of the clerk of the Circuit Court. On the execution of the bond the appeal was perfected, and the bond became operative. The affirmance of the judgment fixed the liability of the defendant, whether the justice had jurisdiction or not, and whether the bond was ever returned by the justice to the Circuit Court or not. The rule may be different in actions on involuntary obligations, as recognizances, and the like. In such cases, it may be necessary to allege the jurisdiction, and that the obligation was returned to the proper Court, and became a record therein.

The condition of the bond is in full compliance with the requisitions of the statute. The fact that the penalty is not precisely double the amount of the judgment will not vitiate the bond. We do not understand the statute as requiring the bond, in all cases, to be in twice the amount of the judgment appealed from. In many cases such a bond would be manifestly insufficient. Suppose a judgment should be rendered in favor of a defendant for two dollars costs, could it be contended that a bond by the plaintiff, in the penalty of four dollars, would answer the object of the statute, which is, that the appellee shall be fully indemnified against any loss growing out of the appeal? The words in the form of the bond prescribed by the statute, "here insert double the amount of the judgment and costs," were not intended as a positive direction that the penalty should in all cases be exactly twice the amount of the judgment, and that a bond should be invalid which varied from the direction. Where the judgment is for any considerable sum, a bond in double the amount will be sufficient. But where the judgment is for a nominal sum, officers are authorized, and it is their duty, to require a bond in a larger penalty than twice the amount of the judgment. The sum named in the penal part of a bond is the extent to which the obligors can be made responsible.

But if the statute was imperative, the bond would not be void. It would still be good as a voluntary obligation, based on the valuable consideration of having the case reviewed in the Circuit Court, and of delay to the appellee in the collection of his judgment. Fournier *vs*. Faggott, 3 Scammon, 347. There

are some decisions which hold that a departure from the statute, as to the amount of the penalty, avoids the bond; but they are made in reference to involuntary obligations, such as bail bonds and recognizances, entered into by debtors and persons charged with criminal offences in order to be released from arrest.

This is not like the cases of Young *vs.* Mason, 3 Gilman, 55, and Sharp *vs.* Bedell, 5 Gilman, 88. In those cases, the conditions of the bonds were materially variant from the requisitions of the statute. The obligors had not covenanted as fully as the statute designed, and the Court held that their liability could not be extended beyond the fair import of their undertaking. Here the condition is as broad as the statute contemplates, and the obligors are responsible for all of the consequences resulting from the execution and breach of a statutory bond.

Let the judgment of the Circuit Court be affirmed, with costs.

*Judgment affirmed.*