ANDERSON ARNOTT *et al.*

*v.*

HUGH FRIEL.

1. NUL TIEL RECORD—*when not pleadable.* The plea of *nul tiel record* is not a proper plea to an action of debt upon an appeal bond.

2. ACTION UPON APPEAL BOND—*of a defense thereto.* In an action of debt upon an appeal bond given upon an appeal to the supreme court, the parties executing the bond are estopped from disputing the facts recited therein.

3. So the defendants in such action cannot plead that the judgment appealed from, was rendered against other persons than those recited in the bond as being the parties to such judgment.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. T. G. C. DAVIS and Mr. S. M. KASE, for the appellants.

An appeal bond made by a person not a party to the judgment from which he appealed, is void as against public policy. *Reid* v. *Quigley*, 16 Ohio, 445.

Messrs. SNYDER and WINKELMAN, for the appellee.

When a party makes an admission in an instrument under his hand and seal, and suit is brought upon such instrument, the party making the admission is estopped from disputing the facts, which such instrument recites. *Smith* v. *Whitaker*, 11 Ill. 417; *Crisman* v. *Matthews*, 1 Scam. 148; *Trimble* v. *The State*, 4 Blackf. 435; *Stockton* v. *Turner*, 7 J. J. Marshall, 193; 4 Monroe, 373; *Hall* v. *Hann's Heirs*, 5 Dana, 56.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt on an appeal bond, brought to the St. Clair Circuit Court by Hugh Friel, against Anderson Arnott, and others, his sureties. The declaration sets out the bond in *hæc verba*, to which the defendants pleaded three pleas; the first of which alleges the bond was executed by mistake, misapprehension and misdirection of the Circuit Court of St. Clair county in regard to the person against whom the judgment

of that Court was in fact rendered in the action pending before it, wherein Friel was plaintiff and Jesse Arnott was defendant, and the defendants aver that no judgment whatever had been rendered against the defendant Anderson Arnott at the time the bond sued on was executed. The second plea does not differ substantially from the first.

The third plea is a plea *nul tiel record.* A demurrer to these pleas was sustained, and the matter of them present the whole question in the case.

The demurrer was properly sustained to all the pleas; to the third because the plea of *nul tiel record* is not a proper plea to an action of debt upon a bond, and to the others, because it is not competent for a party to deny by plea a formal admission of a fact stated in the instrument executed, and without which admission, he could not have taken an appeal; in other words, he is estopped from disputing the fact recited in the bond, and the estoppel was properly insisted on by the demurrer, as the matter of it appeared on the face of the declaration. *Smith* v. *Whitaker,* 11 Ill. 417. The same principle is recognized in the case of *Shaw et al.* v. *Havekluft,* 21 ib. 127.

If the circuit court erred in directing the bond to be executed, the error cannot be corrected by this proceeding.

The judgment must be affirmed.

*Judgment affirmed.*