AUGUSTA SCHILL

*v.*

JOHN REISDORF.

88  411
33a 644

88  411
140 631
41a 623

88  411
47a 382

88  411
74a 100

1.  EVIDENCE—*record without placita.*  Where the record of a cause shows a suit taken to the county court by appeal, with the names of the parties, and their appearance, and a trial by the court by consent of parties, such record is admissible in evidence to show the judgment in a suit on the appeal bond, even though it contains no *placita*, especially when not objected to for want of the convening order.

2.  PRACTICE—*time for objecting to evidence for variance.*  An objection to evidence on the ground of variance can not be urged in this court, when not made in the court below.

3.  APPEAL BOND—*mistake in name of party.*  Where the names of the parties to a suit are correctly given in an appeal bond, except in the condition, where the appellee's name is inserted instead of the appellant's, the bond will not be rendered invalid, as the context shows the mistake and who was intended.

4.  SAME—*condition in substance good.*  An appeal bond is not rendered invalid because the condition is not in the statutory form, if it is substantially the same, and even if not, it is good as a common law obligation.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the appellant.

Messrs. FULLERTON & WALLACE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action before a justice of the peace of Mason county, against Augustus Walbaum, on a promissory note, and recovered a judgment thereon. Walbaum appealed to the county court of that county, appellant joining in the appeal bond as surety. On the trial in that court on the appeal, appellee again recovered judgment for the note and interest and costs. An execution was afterwards issued, but was returned no property found. Thereupon appellee brought suit on the appeal bond in the court below, against appellant and Walbaum, but the summons was returned not found as to the latter, and he did not appear. A trial was had, and appellee recovered a judgment against appellant for the amount of the judgment, interest and costs, and appellant brings the case to this court and asks a reversal on various grounds.

It is first urged that the record of the judgment of the county court had no *placita*, or anything to show the court had convened or was in session for the dispatch of business. To this objection it is only necessary to say that the record was read without objection. The record before us shows no objection interposed to this evidence on the trial. It appears that it was the county court record, and of the first day of the June term, 1875, and that it was a suit on appeal between the parties named in the judgment described in the appeal bond; that they appeared by their respective attorneys, and by agreement a jury was waived, and a trial had before the court, and a judgment in form was rendered. From this it appears that the court was in session, the parties before the court, and consenting to, and proceeding with, the trial, which clearly conferred jurisdiction, and was all that was required in a collateral proceeding, especially when not objected to as evidence. The original was used, and not a copy of the record, and had

the objection now urged been raised, it would have, no doubt, been removed in a moment. If the objection were made to the transcript of a record filed in this court in a direct proceeding, then there would be force in the objection, and the authority to which reference is made would apply.

Some objection is urged as to variances between the declaration and evidence. It is a full answer to this that no objection seems to have been taken on the trial, and that question can not be urged for the first time in this court. The only exception to the introduction of evidence taken and preserved in the record was to reading the bond on which suit was brought.

It is insisted that the bond is insufficient to authorize a recovery. The bond was executed by Walbaum, the defendant, and appellant, to John Reisdorf; the condition recites the judgment and parties to it correctly, but states: "Now if the said August Reisdorf shall prosecute —— appeal with effect," etc. The names are correctly given in all other parts of the bond, but it is urged this mistake renders the bond invalid. This, in principle, if not in fact, is like the bond in the case of *Hibbard* v. *McKindley*, 28 Ill. 240. Here, as there, the context of the bond clearly shows that the name Reisdorf was, by mistake, inserted instead of Walbaum, and, under the authority of that case, the objection in this must be held not well taken.

It is also urged that the condition of the bond is not in the form prescribed by the statute. The recital is: "Now if the said August Reisdorf shall prosecute —— appeal with effect, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then," etc. The form given in the statute then in force is this: "Now if the said A B shall prosecute his appeal with effect, and pay the judgment rendered against him by said court upon the trial of said appeal, or by consent, or, in case the appeal is dismissed, will pay the judgment rendered against him by said justice, and all costs occasioned by said appeal," etc. By turning to the form given in the Revised Statutes of 1845, it will be seen that the

bond in this case is a literal copy of that part of the form, and we presume an old printed form was filled up by the justice of the peace. The act of 1872, revising the chapter entitled "Justices of the Peace," only requires the bond to be in substance as the form is given, and we are clearly of opinion that the bond in this case is in substance the same as the form. It is broad enough to cover all that is embraced in the more specific language of the form given in the act of 1872. Its provisions are more specific but not more comprehensive than are those of the bond in controversy. We are, therefore, of opinion that this bond, as required by the statute, is good in substance. *Fournier* v. *Faggott*, 3 Scam. 349, *McDowell* v. *Morgan*, 28 Ill. 524, and *Erlinger* v. *The People*, 36 Ill. 458.

But if this were not so, the bond is good as a common law obligation. See *Prichett* v. *The People*, 1 Gilm. 525, *Smith* v. *Whitaker*, 11 Ill. 417, *Arnott* v. *Friel*, 50 Ill. 174, *George* v. *Bischoff*, 68 Ill. 236, *Coons* v. *The People*, 76 Ill. 383, and *Richardson* v. *The People*, 85 Ill. 495. These cases fully establish the validity of this as a binding common law obligation.

We perceive no force in the other objections raised, and finding no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*