J. G. McCarthy

*v.*

The Alphons Custodis Chimney Construction Co.

*Opinion filed February 21, 1906.*

1. Bonds—*affirmance of judgment appealed from is conclusive of validity of judgment in action on appeal bond.* An affirmance by a court of review of the judgment appealed from is conclusive of the validity of the judgment in an action on the appeal bond.

2. Same—*what not a defense to suit on appeal bond.* The fact that the plaintiff in an action on an appeal bond was, *at the time the bond was executed,* a foreign corporation which had not complied with the laws of Illinois, is not a defense to the action, upon the theory that the judgment appealed from was void for that reason and that the appeal bond was consequently void.

3. Same—*obligor and sureties are estopped to set up defenses contradicting recitals of bond.* The obligor and sureties are alike estopped, when sued upon an appeal bond, to set up defenses which contradict the recitals of the bond, and where the bond recites the existence of the judgment the obligor and sureties are estopped to deny the existence of the judgment or that it was valid.

4. Appeals and Errors—*when Appellate Court's allowance of damages for prosecuting appeal for delay will stand.* The action

of the Appellate Court in allowing damages upon the ground that the appeal was prosecuted merely for delay will not be interfered with by the Supreme Court in the absence of any showing that the Appellate Court abused its discretion in that respect.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This is an action of debt, brought on January 13, 1904, in the superior court of Cook county by the appellee against the appellant, as surety upon an appeal bond. Three pleas were filed, to which the appellee, plaintiff below, demurred. The demurrers were sustained, to which appellant took exception, and elected to stand by his pleas, and thereupon the court rendered judgment in favor of appellee against the appellant in the sum of $6500.00 debt, and assessed appellee's damages at the sum of $4706.25, together with costs, and ordered that execution issue therefor, and that the debt be discharged on payment of the damages, interest and costs of suit, to which the appellant excepted. An appeal was taken from the judgment so entered to the Appellate Court, and the Appellate Court has affirmed the judgment of the superior court of Cook county. The present appeal is prosecuted from such judgment of affirmance.

The declaration alleges that L. L. Leach & Son, a corporation, as principal, and appellant, as surety, on February 10, 1902, in Chicago, by their writing obligatory of that date, jointly and severally acknowledged themselves bound unto appellee in the sum of $6500.00 to be paid it, subject to a certain condition, whereby, after reciting to the effect that at the February term, 1902, of said superior court, by the consideration of that court, the appellee as plaintiff recovered against the said L. L. Leach & Son a judgment for $4258.25, besides costs of suit, from which judgment said L. L. Leach & Son prayed for and obtained an appeal to the Appellate Court for the First District; it was provided that

if it, the said L. L. Leach & Son, should duly prosecute its said appeal with effect, and pay the plaintiff the amount of said judgment, costs, interest and damages, rendered and to be rendered against it, said L. L. Leach & Son, in case said judgment should be affirmed in the Appellate Court, then said writing obligatory was to be void, otherwise to remain in full force, as by the writing obligatory remaining on file in said superior court would fully appear. The declaration then avers that, though afterwards at the October term, 1903, of the Appellate Court, to-wit, on the 12th day of November, 1903, by the consideration of said Appellate Court, said judgment in said writing obligatory mentioned was affirmed, yet said L. L. Leach & Son has not paid appellee the amount of said judgment, and costs, in said writing obligatory mentioned, nor the interest thereon nor any part thereof, whereby an action has accrued to appellee, as plaintiff, to demand of appellant as defendant said sum of $6500.00, etc.

By the pleas, which were demurred to, the appellant, as defendant below, set up that appellee was a foreign corporation, incorporated under the laws of New Jersey, and not under the laws of Illinois; that, before and at the time of the execution of the writing obligatory mentioned in the declaration, to-wit, on February 10, 1902, appellee had been and was engaged in transacting business in Illinois through its local agent at Chicago; that, at the time of the execution of said writing obligatory on February 10, 1902, appellee had not filed in the office of the Secretary of State a copy of its charter or articles of incorporation, or other certificate of incorporation, duly certified and authenticated, etc.; that appellee, as such foreign corporation, by its president or other officer, had not made and forwarded to the Secretary of State, with its articles of incorporation, a statement duly sworn to of the proportion of the capital stock of said corporation, represented in the State of Illinois by its property located and business transacted therein, together with a

statement showing the name and address of the agent or representative of it in Illinois; and that appellee had not at said time, or prior thereto, paid into the office of the Secretary of State fees, equal to those required of similar corporations formed within and under the laws of the State of Illinois in proportion to its capital stock, represented by its property and business; that it was the duty of appellee to do and perform these matters and things in pursuance of the provisions of the statute of Illinois, then and still in force, and entitled, "An act to amend an act entitled, 'An act to require every foreign corporation doing business in this State to have a public office or place in this State at which to transact its business, subjecting it to a certain condition, and requiring it to file its articles or charter of incorporation with the Secretary of State, and to pay certain taxes and fees thereon,' approved May 26, 1897, in force July 1, 1897," approved April 22, 1899, in force July 1, 1899, before appellee was entitled to transact business in Illinois or maintain any suit or action upon any demand, whether arising out of contract or tort; that, by virtue of said statute, appellee was required, before it was entitled or authorized to transact business in Illinois, or to bring or maintain any action or suit whatsoever in the courts of the State, to further apply for and receive from the Secretary of State a certificate, authorizing it to do business in Illinois, and that, at the time of the execution of said alleged writing obligatory in the declaration mentioned, and wherein it, the appellee, is the obligee, the appellee had not applied for or received from the Secretary of State any certificate whatsoever, authorizing it to do business in Illinois, pursuant to the provisions of said act; that the business of appellee is that of constructing or building chimneys; that, before and on said 10th day of February, 1902, it was engaged in conducting and carrying on its business through its local agent or representative in Illinois at Chicago, and had been so engaged for a long time, to-wit, for the period of three years prior there-

to; that the alleged writing obligatory was made and entered into with appellee, as plaintiff in the certain suit then pending in the superior court of said county, wherein L. L. Leach & Son, a corporation, was defendant, on to-wit February 10, 1902, at which time and while appellee was by the terms and provisions of said act wholly without right or authority to have or maintain said suit wherein it was plaintiff as aforesaid, and was by means of the premises wholly prohibited and debarred therefrom, and so the appellant, as defendant, says that the said writing obligatory was and is wholly void and contrary to the said statute in such case made and provided.

The first of the three pleas, which were demurred to, avers that the judgment in the declaration mentioned, as well as the writing obligatory, was and is wholly void, and of no effect.

John E. Dalton, and John S. Stevens, for appellant.

Zeisler, Farson & Friedman, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

The pleas, to which demurrers were sustained, allege that, at and up to the time of the execution of the appeal bond sued upon, the appellee, although a foreign corporation and doing business in Illinois, had not complied with the requirements of the statute of Illinois, which are essential to its right to transact business in Illinois, or maintain actions in Illinois courts; and, for this reason, the pleas allege that the judgment, in the appeal bond recited, and the appeal bond itself are null and void.

It is recited in the declaration and in the bond that on February 10, 1902, appellee obtained in the superior court of Cook county a judgment against L. L. Leach & Son for $4258.25, besides costs of suit, from which judgment L. L.

Leach & Son prayed for and obtained an appeal to the Appellate Court. It is averred in the declaration that, on November 12, 1903, this judgment was affirmed by the Appellate Court. In view of these allegations, the pleas demurred to set up no valid defense. The defense was, that the appellee, being a foreign corporation, had not complied with such requirements of the statutes of this State, as authorized it to do business in this State, and to bring or maintain actions in the courts of this State.

The suit at bar, being an action upon the appeal bond, is a collateral proceeding, so far as the original judgment of appellee against L. L. Leach & Son is concerned. It does not appear whether or not the defense, here sought to be set up to this action upon the appeal bond, was actually set up in the original suit, brought by appellee against L. L. Leach & Son. The defense of non-compliance with the statute in question may have been raised in the main suit, so far as the present record shows. If it was so raised, the judgment in that case is an adjudication against such defense. If it was not so raised in the original suit, it is too late to raise it in the present action, and in this court. In *Holmes* v. *Standard Oil Co.* 183 Ill. 70, it was said: "Whether the appellee company had failed to comply with the requirements of the act relating to foreign corporations, approved May 26, 1897, * * * and for that reason was without standing to maintain an action in the courts of this State, was not raised at the hearing. It does not appear any ruling was sought or obtained in the trial court as to the question. There is, therefore, nothing upon which to base an assignment of error in that regard in a court of review."

The declaration in the case at bar shows upon its face that the judgment, mentioned in the appeal bond, from which an appeal was taken to the Appellate Court, was affirmed by the Appellate Court. Such judgment of affirmance by the Appellate Court is conclusive as to the validity of the judgment, from which the appeal was taken to the Appellate

Court.   In *Keithsburg and Eastern Railroad Co.* v. *Henry,* 90 Ill. 255, the action was on an appeal bond in the penal sum of $2500.00, and was subject to a condition thereunder written, in which it was recited that the appellee therein recovered a judgment against the Keithsburg and Eastern Railroad Company, from which judgment the company had taken an appeal to the Supreme Court, and that, if the company should prosecute its appeal with effect, and should pay the judgment, costs, interest and damages in case the judgment was affirmed, then the bond should be void, otherwise to remain in full force and effect; and we there said: "It is proved the judgment was afterwards affirmed in the Supreme Court.  *  *  *  The judgment of the Supreme Court is conclusive as to the validity of the judgment appealed from, and no inquiry can be had in this collateral proceeding as to the merits of the original controversy, nor even as to the validity of the judgment itself."

The recitals of the bond sued upon are conclusive as to the validity of the judgment, mentioned in the bond.   In *Smith* v. *Whitaker,* 11 Ill. 417, which was an action in debt upon an appeal bond, and where the third plea filed was "that there is not any record of the said supposed judgment, rendered by the said justice, remaining on the docket of the said justice in his court, in manner and form as recited in the condition of the said writing obligatory;" it was there said by this court: "Was the demurrer properly sustained to the third plea? The plea alleges, in substance, that there was no such judgment before the justice, as is recited in the condition of the bond sued on. The defendant was estopped by the record from making such an allegation. The bond is set out in the declaration, and it distinctly states that a judgment had been rendered by the justice. The very object of the parties in executing the bond was to prevent the collection of the judgment, and have the case re-heard in the circuit court; and the bond was expressly conditioned for the payment of the judgment, in the event it should be affirmed.

It was, therefore, a solemn admission by the defendant that there was such a judgment. He voluntarily entered into an engagement under his hand and seal for the payment of the judgment; and he could not afterwards deny what he thus deliberately asserted to be true—the existence of the judgment. The principle of estoppel is clearly applicable. The fact, which concluded the defendant from making the denial, appeared on the face of the declaration; and the estoppèl was rightly insisted on by demurrer. Where the matter, which operates as an estoppel, appears in the declaration, the plaintiff may demur to a plea, by which the defendant attempts to set up the same matter as a defense. But, if the matter of estoppel does not appear on the face of the declaration, the plaintiff must, by a replication to the plea, expressly show such matter, and rely thereon."

In *Harding* v. *Kuessner,* 172 Ill. 125, it was said: "It is familiar law the obligors in an appeal bond are estopped to deny the recitals of the bond." (See also *Arnott* v. *Fricl,* 50 Ill. 174; *George* v. *Bischoff,* 68 id. 236; *Herrick* v. *Swartwout,* 72 id. 340).

So, in the case at bar, the appeal bond recites the existence of the judgment, and appellant is estopped from denying that there was such a judgment, or that it was void. The appellant here, as surety, voluntarily signed the engagement under his hand and seal for the payment of the judgment, and could not, therefore, deny the existence of the judgment, which he admitted by so signing the bond. This matter of estoppel appears upon the face of the declaration, so that the question is raised by appellee's demurrers to the pleas, by which appellant has attempted to set up the same matter as a defense.

The bond was executed in order to enable the parties, who signed it, to take an appeal from the judgment to the Appellate Court. The bond recites that the appeal had been prayed for and obtained, and provides that the bond is void in case the appeal is prosecuted with effect. Hence, the ap-

pellant in this suit upon the bond cannot be heard to say
that no appeal was ever taken; nor can he be permitted to
question the truth of the recitals in the bond. The bond in
question is a voluntary contract. The expenses incurred by
appellee in defending the appeal on the faith of the bond are
a sufficient consideration for entering into it. (*Meserve* v.
*Clark,* 115 Ill. 580; *George* v. *Bischoff, supra*).

It is true that appellant is a mere surety upon the bond;
but "in an action on an appeal bond the obligors and sureties
are estopped from setting up defenses that contradict the re-
citals therein." (24 Am. & Eng. Ency. of Law,—2d ed.—
p. 67; *Arnott* v. *Friel, supra; Shaw* v. *Havekluft,* 21 Ill.
127).

Not only is it true that *nul tiel record* is a bad plea to an
action upon an appeal bond under the authorities above re-
ferred to, so that the validity of the judgment, recited in the
bond, cannot here be open to question, but the execution of
the bond here sued upon cannot be said to be the act of the
appellee. The bond was voluntarily executed by L. L. Leach
& Son, as principal, and appellant, as surety. When exe-
cuted the bond was filed in court. L. L. Leach & Son were
not bound to take an appeal, nor was appellant compelled to
sign the bond as surety. Appellee's consent to the execution
of the bond was not required, so that the giving of the bond
was not in any sense the act of appellee. If the bond had
not been given, appellee could have had execution under its
judgment, but, by reason of the giving of the bond, was
compelled to follow the case to the Appellate Court. This
action was involuntary on the part of appellee. It cannot be
said, therefore, that the execution and filing of this appeal
bond by L. L. Leach & Son and the appellant constituted a
"transaction of business" on the part of the appellee. It is
to be noted that the pleas do not allege, that, up to the time
of instituting the suit upon the appeal bond, appellee had
failed to comply with the requirements of the statute, but
the pleas allege such non-compliance with the statute at and

up to the time of the execution of the appeal bond sued upon. The question is not whether, at the time when the appeal bond was executed, the appellee was a duly licensed foreign corporation, but the only question, which can be raised in this case, is whether, at the time of beginning this suit on the appeal bond, appellee was a duly licensed foreign corporation. There is no allegation in the pleas that, at the time of beginning the suit on the appeal bond, appellee had not complied with the requirements of the statute, but only that at the time of the execution of the bond it had not so complied. Its rights are to be determined as of the date of the beginning of the suit. (*Thompson Co.* v. *Whitehcd*, 185 Ill. 454). For the reasons above stated, we are of the opinion that the demurrers to the pleas were properly sustained by the trial court, and, inasmuch as appellant stood by his pleas, that the judgment of the court was correct.

In the case at bar, upon the appeal to the Appellate Court, the Appellate Court in its judgment has not only affirmed the judgment of the superior court of Cook county, but it has also ordered "that appellee recover of and from appel-' lant the sum of $212.91 for its damages upon the amount of said judgment, and its costs to be taxed, and have execution therefor." Upon this subject the Appellate Court say in their opinion: "The court is of the opinion that the inference is warranted from the record that this appeal was prosecuted for delay, and therefore affirms the judgment with additional damages $212.91, (being five per cent of the damages assessed below), in addition to the costs." Complaint is made by appellant of this action of the Appellate Court in thus allowing damages. In *Baker* v. *Prebis,* 185 Ill. 191, we held that, under section 23 of the act on costs, when read in connection with section 10 of the Appellate Court act, the Appellate Court may assess damages against a party who has prosecuted an appeal or writ of error merely for delay; and that this court will not review the exercise of the Appellate Court's discretionary power in assessing damages for

prosecuting an appeal for delay, in the absence of any show-ing that such power has been abused. There is no evidence here of any abuse of such power.

Accordingly, the judgment of the Appellate Court, in-cluding the allowance of damages, is affirmed.

*Judgment affirmed.*