Fritz Koelling et al., Appellees, v. Henry Wachsning, Appellant.

### Gen. No. 17,435.

1. APPEALS AND ERRORS—*errors not argued are waived.* Where various errors are assigned and only certain ones are argued, the others are waived and will not be considered.

2. ESTOPPEL—*surety estopped to deny recitals in appeal bond.* In an action against a surety on an appeal bond, the defendant is estopped to question by special pleas the validity of the judgment the existence of which is admitted by recitals in the bond, and a demurrer is properly sustained.

3. APPEALS AND ERRORS—*dismissal of appeal equivalent to affirmance.* In an action against a surety on an appeal bond, where the record discloses that the appeal was dismissed by the supreme court, there is a technical affirmance of the judgment which entitles the party to claim a forfeiture of the bond and have his action therefor, even though the appeal was dismissed on appellant's own motion and without prejudice.

4. APPEALS AND ERRORS—*liability on appeal bond.* Where an appeal is dismissed on motion of appellant, the obligor on appeal bond cannot contend that the appeal is a nullity and thus question the recital in the bond that an appeal was obtained.

5. APPEALS AND ERRORS—*obligor in appeal bond cannot question finality of order appealed from.* In an action on an appeal bond, the obligor cannot question the finality of the order appealed from, dismissing the bill as to part of defendants, or the jurisdiction of court appealed to.

6. APPEALS AND ERRORS—*consideration for appeal bond.* In an action on an appeal bond, an obligor cannot plead lack of con-

sideration, since the filing of the bond operated to stay execution of judgment.

7. APPEALS AND ERRORS—*prosecution for delay*. An appeal which simply asks for a consideration of familiar and well-settled principles of law is within the statute authorizing the addition of ten per cent. to the amount of the judgment if the court is of the opinion it has been prosecuted for delay.

Appeal from the County Court of Cook county; the HON. JOHN E. OWENS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 12, 1912.

O'DONNELL & O'DONNELL, for appellant.

JAMES A. PETERSON, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a suit against a surety on an appeal bond, the validity of which and of the judgment appealed from defendant sought to question by special pleas to which demurrers were sustained. Various errors are assigned, but as none are argued except such as relate to the ruling sustaining said demurrers, the others are waived and will not be considered. Wabash, St. L. & P. R. Co. v. McDougal, 113 Ill. 603; Keyes v. Kimmel, 186 Ill. 109.

The defendant could not question by plea the validity of a judgment, the existence of which was admitted by recitals in the bond he executed and which were set out in the declaration. "It is familiar law," says the court in Harding v. Kuessner, 172 Ill. 125, "the obligors in an appeal bond are estopped to deny the recitals of the bond." In such a case the principle of estoppel is clearly applicable and rightly insisted on by demurrer. Smith v. Whitaker, 11 Ill. 417; McCarthy v. Chimney Construction Co., 219 Ill. 616.

The record discloses that the appeal was dismissed by the Supreme Court. The dismissal of an appeal has been held to be equivalent to a technical affirmance

of the judgment appealed from so as to entitle the party to claim a forfeiture of the bond and have his action therefor.  Sutherland v. Phelps, 22 Ill. 92.  That the appeal was dismissed on appellant's own motion and "without prejudice," does not present a state of facts calling for a different conclusion.

Nor can the obligor be heard to say that the appeal is a nullity and thus question the truth of the recital in the bond that the appeal was obtained.  He is bound by such recital.  Meserve v. Clark, 115 Ill. 580.  It is evident, too, that he cannot question in a collateral proceeding like this the finality of the order appealed from dismissing the bill as to part of the defendants thereto, or whether the Supreme Court had jurisdiction thereof.

Nor can he plead a want of consideration for the bond, inasmuch as the filing of it operated to stay an execution of a judgment for damages sustained in procuring a dissolution of an injunction granted in the proceeding.  "The bond was voluntarily executed.  It was executed in consideration of the appeal, and the effect of the appeal was to stay proceedings on the judgment.  This was a sufficient legal consideration." Mix v. People, 86 Ill. 329; George v. Bischoff, 68 Ill. 236.

It is urged that this appeal is a vexatious one and within the intendment of the statute authorizing the addition of ten per cent. to the amount of the judgment, if the court is of the opinion that the appeal has been prosecuted for delay.

We fail to see any excuse for an appeal which in effect simply asks for a reconsideration of familiar and well settled principles of law.  The judgment below for $251.12 and costs will be affirmed, and $25.11, being ten per cent. thereof, will be added to said judgment for vexatious delay.

*Affirmed.*