## Anna Gilmore, Appellee, v. S. A. Lewinsohn, Appellant.

### Gen. No. 19,886.

1. APPEAL AND ERROR, § 1851*— *what is essential to validity of appeal bond.* The provision for appeal bonds, sections 92, 93 of the Practice Act, J. & A. ¶¶ 8629, 8630, is for the benefit of an appellee and is directory and not mandatory, and an appellee has the right to waive approval by the trial court without thereby invalidating the bond or the appeal.

2. APPEAL AND ERROR, § 1877*—*when obligor on appeal bond is estopped to deny validity.* Where a bond is filed for the express purpose of taking an appeal and is treated as valid by both parties, it is valid as a voluntary contract, and the expenses incurred by the appellee in defending the appeal, on the faith of the bond, afford a sufficient consideration for entering into it; and in a suit on such appeal bond the obligor will not be heard to say that no valid appeal was ever taken, nor will he be permitted to question the truth of the recitals in the bond.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

**Statement by the Court.** This is a suit on an appeal bond given by The Modern Protective Association, a corporation, on an appeal to reverse a judgment for $1,427, against said Association and in favor of Anna Gilmore, the appellee, hereinafter called the plaintiff, entered July 23, 1910, in the Municipal Court of Chicago, from which judgment The Modern Protective Association prayed an appeal to the Appellate Court and gave bond in the sum of $2,000, which bond, S. A. Lewinsohn, also known as S. Adam Lewinsohn, appellant, hereinafter called the defendant, executed as surety. The judgment of the Municipal Court on said appeal was affirmed in the Appellate Court and the said Association and the defendant, having failed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to pay said judgment, this suit was instituted against the defendant to collect on said bond. The statement of claim filed on behalf of the plaintiff alleges the execution of the bond and the conditions of the same; alleges further that, although the said Appellate Court on July 9, 1912, affirmed the said judgment of the Municipal Court, the said Association and the said defendant have not paid to the plaintiff the amount of the said judgment, whereby an action has accrued to the plaintiff to demand of the defendant the sum of $2,000; that the defendant has not paid the said sum of money and refuses to do so, to the damage of the plaintiff of $2,000. A copy of the bond is attached to the said statement. One of the recitals in the said bond is: "The said The Modern Protective Association has prayed for *and obtained an appeal to the Appellate Court of the First District of the State of Illinois.*" The defense of the defendant is thus stated in his affidavit of merits:

"That the defense of the defendant to said suit is as follows: Said instrument sued on being the alleged writing obligatory or bond set up in plaintiff's statement of claim and affidavit was and is null and void, and is not such an instrument as can be made the basis of an action against this defendant in that said alleged instrument, to-wit, said alleged appeal bond never became such an appeal bond, in that the same was never approved by the court or the Clerk of said court, or any person authorized by law to approve the same, nor was any order entered of record approving said alleged bond or accepting the same, and said instrument is not an appeal bond as required by the statutes of this State in such cases made and provided."

A jury was waived and the case was submitted to the court. On the hearing the plaintiff moved to strike defendant's affidavit of merits on the ground that it did not set up any legal defense, and the defendant moved to strike plaintiff's statement of claim and affidavit. It was conceded by the parties that there was

no question of fact involved in the suit. It was ad-
mitted that the facts set up in the affidavit of merits
were true, in that, viz., the appeal bond sued on had
never been approved by the Municipal Court or by any
judge thereof, nor by the clerk of said court, nor by
any order of court entered of record and that no order
of court had ever been entered approving said bond
or directing the clerk of said court to approve said
bond. It was stated to the court by the parties that
the only question in the case was whether or not there
was any liability of the defendant on said appeal bond,
in view of the fact that said bond had never been ap-
proved by the court or any judge thereof, nor by any
order of court or by the clerk of said court. The court
found that the defense set up in the affidavit of merits
was not a legal defense to the suit, and the motion of
the defendant to strike the plaintiff's statement of
claim and for a dismissal of the suit was overruled,
and the motion of the plaintiff to strike the affidavit
of merits of the defendant was sustained. The de-
fendant elected to stand upon his affidavit of merits,
and the court found the issues for the plaintiff in debt
in the sum of $2,000 and assessed the plaintiff's dam-
ages at the sum of $1,648.15. Judgment was entered
on the finding, and this appeal followed. It appears
from the record that the appeal bond was O. K.'d by
the attorneys for the plaintiff in the suit of *Anna Gil-
more v. Modern Protective Association* in the Munic-
ipal Court, and it has been conceded by the counsel for
both sides in this court that the said O. K. was made
by the said attorneys prior to the filing of the said
bond in the office of the clerk of the Municipal Court.

DAVID & ZILLMAN, for appellant.

EDGAR L. MASTERS and EDWARD J. STEVENS, for ap-
pellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The defendant contends: "(1) That the bond never having been approved according to the requirements of the statute, became a nullity and no action can be maintained thereon. (2) There was no consideration for the giving of the bond, in that such bond never having been approved, the defendant in the judgment appealed from as a matter of law obtained nothing by the giving of the bond, since such bond did not legally stay execution on such judgment. (3) The bond being either void or not founded on any adequate consideration cannot be sued on as a common law obligation. (4) The Appellate Court never had jurisdiction of the appeal."

The plaintiff contends: (1) The appeal bond was for the sole benefit of the plaintiff, and the approval of the same by the court may be and was waived by him, and because of the said waiver, the approval of the bond by the court or the clerk of the court, under the order of the court, was not necessary to its validity; (2) the obligor on a bond, in a suit on the bond, is estopped from denying the truth of any of the recitals of the bond; (3) in the present suit, under the facts in the case, the defendant, an obligor on the bond in question, will not be heard to say that no valid appeal was ever taken; (4) a bond, under the facts of the present case, is valid as a voluntary contract, and the expenses incurred by the plaintiff in defending the appeal on the faith of the bond afford a sufficient consideration to support the contract.

Sections 92 and 93 of the Practice Act (J. & A. ¶¶ 8629, 8630) read as follows:

"92. Appeals shall be prayed for and allowed at the term at which the judgment, order or decree is rendered, and the party praying for such appeal shall, within such time, not less than twenty days, as shall be limited by the court, give and file in the office of the clerk of the court from which the appeal is prayed,

bonds, in a reasonable amount, to secure the adverse party, to be fixed by the court, with sufficient security, to be approved by the court. If the appeal is from a judgment or decree for the recovery of money, the condition of the bond shall be for the prosecution of such appeal and the payment of the judgment, interest, damages and costs in case the judgment is affirmed. In all other cases the condition shall be directed by the court with reference to the character of the judgment, order or decree appealed from. The obligee in such bond may at any time, on a breach of the conditions thereof, have and maintain an action at law as on other bonds.

"93. The clerk of the court may, by order of the court, made at the time of praying the appeal, and entered of record approve of the security offered upon such bond, and such approval may be made in term time or vacation."

The first question for us to decide is, is the approval of the trial court, or the clerk of the court under the order of the court, entered of record, a *sine qua non* to the validity of a bond in an appeal case, or, to state the question in another way: If the trial court, or the clerk of the court, under an order of the trial court entered of record, has not approved an appeal bond, is the appeal thereby invalidated, even though all the parties in interest have affirmatively approved the bond? The defendant insists, that as the right of appeal is a matter of statutory creation, strict conformity to the statute is essential and a lack of it is jurisdictional, and that as the alleged bond was not approved in the manner required by the statute, the appeal was not legally perfected, and the defendant in the case obtained no benefit by the giving of the bond, because the said bond did not legally stay execution on the judgment; that the alleged bond, under the circumstances, was a nullity and no action can be maintained thereon.

It will be conceded that the mandatory provisions in

a statute creating the right of appeal—that is, provisions which relate to the jurisdiction of the Appellate Court—must be complied with and cannot be waived, and it will be further admitted that where the legislature in clear and unmistakable terms has made the performance of a certain act a *sine qua non* to the validity of an appeal bond or of an appeal, the performance of the said act cannot be waived. It seems clear to us that it cannot be held that the legislature of this State has in clear and unmistakable terms made the approval of an appeal bond by the court or the clerk of the court a *sine qua non* to the validity of the bond. It is necessary for us to determine, therefore, whether the provision in question is mandatory or directory. If mandatory, it must be followed; if directory merely—that is, if it is intended solely for the benefit of the obligee in the bond—it may be waived by him.

In the late case of *Krome v. Halbert,* 263 Ill. 172, it is said that: ''In the construction of a statute the courts are not confined to a literal meaning of the words, but the intention may be collected from the necessity or objects of the act and its words may be enlarged or restricted according to its intent. A thing which is within the intention is regarded within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention.'' ''The principle that remedial statutes will be liberally construed applies to statutes granting a right of appeal.'' Encyc. of Pleading and Practice, vol. 2, p. 20.

We must, therefore, interpret the provision in question in the light of the rule announced by our Supreme Court. The bond in question was for the individual and sole benefit of the appellee. It is conceded that the plaintiff approved the bond before it was filed with the clerk. It is very plain that the purpose of the provision we are now considering is to secure to the appellee in an appeal case a good bond. The trial court is designated as the official to decide on the amount

of the bond and the qualifications of the sureties. Must the trial court always approve the bond or is this part of the provision intended merely to protect the judgment defendant, the principal obligor on the bond, from unreasonable demands and captious objections from the judgment plaintiff, the obligee on the bond, in the matter of the bond? Cannot the parties to the appeal, where their own individual interests are alone at stake, mutually agree upon a bond without being required to have the court pass upon the same? Does not the statute intend that the trial court shall act as an arbiter in case the parties in interest are unable to agree upon the bond? It seems to us that the construction of the provision in question contended for by the defendant is an extremely technical one, and one not in accord with the purpose of the act. It fixes a *sine qua non* that is entirely unnecessary to carry out the object of the law—in fact, in practice, it would tend to defeat it, to the injury of an appellee for whose benefit the provision was intended. It is an interpretation predicated largely upon the theory that an appeal statute must always be followed in the letter, instead of the spirit. Such, as we have seen, is not the law.

After a careful consideration of the question, we believe the true interpretation of the provision now under consideration to be, that an appellee, who is the sole person interested in the appeal bond, may agree with the appellant on the appeal bond, and that where this is done it is not necessary for the trial court to approve the same; that the said provision is for the benefit of an appellee and is directory and not mandatory, and an appellee has the right to waive the same without thereby invalidating the bond or the appeal. The exact question now before us has never, to our knowledge, been passed upon by the courts of this State, but the following cases in other States are in point and support the conclusion we have reached: *Jones v. Droneberger,* 23 Ind. 74; *Smock v. Harrison,*

74 Ind. 348; *Easter v. Acklemire,* 81 Ind. 163; *Buchanan v. Milligan,* 125 Ind. 332; *Murdock v. Brooks,* 38 Cal. 596; *Dore v. Covey,* 13 Cal. 502; *Blair v. Hamilton,* 32 Cal. 50; *Irwin v. Crook,* 17 Colo. 16; *Gopsill v. Decker,* 67 Barb. (N. Y.) 211. See also Cyc. Law and Practice, vol. 2, pp. 921, 922, and cases cited therein. In the case of *Blair v. Hamilton, supra,* an appeal was taken by the plaintiff to the County Court from a judgment rendered by a justice of the peace in favor of the defendant. In accordance with the Practice Act of California a notice of appeal was served upon the defendant and a bond was filed in due time. Under the said act, the defendant had the right to except to the sufficiency of the sureties, and he did so, and when the matter came on for hearing, the justice, of his own will, in the presence of the defendant, refused to swear the sureties, on the ground that both he and the defendant knew them to be good. The defendant assented to this saying that he knew the sureties to be good, and that he had only served the notice requiring them to justify because his attorney had prepared it and directed him to do so. And thereupon the parties all left the court without any justification being taken in the manner provided by the act. The justice transmitted the case to the County Court, and the defendant thereupon moved that court to dismiss the appeal upon the ground that the failure of the sureties to justify, on notice, rendered the bond inoperative, and left the appeal without the support of a bond. The County Court held that the defendant had waived a compliance with the act in reference to justification, and the motion to dismiss the appeal was denied. The defendant then brought the case to the Supreme Court of California by certiorari and asked that court to reverse the order of the County Court and to dismiss the appeal upon the ground that the latter court had exceeded its jurisdiction. In passing upon this question, the Supreme Court said: "That the facts show a waiver on the part of the defendant of a justification on the part of

the sureties, does not admit of argument. To hold otherwise would enable the defendant to take advantage of his own wrong. Nor does the capacity of the defendant to make the waiver admit of debate. A party may waive the performance of an act intended for his benefit and security. *He might have waived a bond altogether,* an act which is frequently done, much more a justification of the sureties.''

The case of *Harding v. Harding Incandescent Co.*, 98 Ill. App. 141, and other Illinois Appellate Court cases cited by the defendant in support of his contention, do not, in our judgment, sustain the contrary of our conclusion. These cases simply announce the general rule that the right of appeal is a matter of statutory creation, and that conformity to the statute is necessary and a lack of it is jurisdictional. None of these cases are directly applicable to the exact question now before us, and it is to be specially noted that in none of them was the question of waiver involved. What we have said as to these cases applies with equal force to the case of *Dobson v. Hughes,* 168 Ill. 148, also cited by the defendant.

The defendant has also cited a number of decisions of the courts of the sister States. None of these, in our judgment, is directly applicable to the present case. The defendant argues that one of these, *Manning v. Gould,* 90 N. Y. 476, is decisive of the question now before us. We do not think that case sustains defendant's contention. By strong inference, at least, it supports the conclusion we have reached.

But aside from the question as to whether the bond in question was a valid one under the appeal statute, there is a well recognized principle of law in this State that estops the defendant from asserting in a case of this kind—a suit on the appeal bond—that the said bond was and is an absolute nullity. The bond was filed by the parties executing it for the express purpose

of taking an appeal from the judgment of the Municipal Court. The bond recites that the appeal had been prayed for *and obtained,* and it provides that the bond is void in case the appeal is prosecuted with effect. Both parties treated the action in the Appellate Court as a valid appeal from the judgment of the Municipal Court, and it was so regarded and characterized by the Appellate Court. It has been repeatedly held in this State that in a suit upon a bond under such circumstances the question as to whether the appeal was properly taken is not controlling or important, for the reason that the obligor will not be heard to say that no valid appeal was ever taken; nor will he be permitted to question the truth of the recitals in the bond. A bond under such circumstances is valid as a voluntary contract, and the expenses incurred by the appellee in defending the appeal, on the faith of the bond, afford a sufficient consideration for entering into it. *Meserve v. Clark,* 115 Ill. 580; *McCarthy v. Chimney Construction Co.,* 219 Ill. 616; *Koelling v. Wachsning,* 174 Ill. App. 321; *Portis v. Illinois Surety Co.,* 176 Ill. App. 590.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*