# Fred A. Ebinger, Appellant, v. Sidney S. Breese et al., Appellees.

## Gen. No. 7,941.

1. CORPORATIONS—*submission of bid by unlicensed foreign corporation as "transaction of business" within Cahill's St. ch. 32, ¶ 80.* Where the proposals upon which a sanitary district invited bids provided that the bid and award should not constitute a contract, but that before a contract was executed the successful bidder must present evidence that it was authorized to do business in the State, the submission of a bid thereon by a foreign corporation not licensed to do business in the State did not, of itself, constitute the trans-

action of business in the State within the meaning of Cahill's St. ch. 32, ¶ 80.

2. CORPORATIONS—*purpose of prohibition against transaction of business by unlicensed foreign corporation.* Cahill's St. ch. 32, ¶ 80, prohibiting unlicensed foreign corporations to transact business in the State, having been enacted for the protection of persons with whom such corporations undertake to do business, cannot be used as a shield behind which such corporations or their agents may hide when it is sought to enforce performance of their obligations.

Appeal by plaintiff from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed March 8, 1926.

GEORGE E. BRANNAN, ERNEST D. MACDOUGALL and OSCAR J. PUTTING, for appellant.

BARBER & BARBER, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

The only question raised in this case is the right of a foreign corporation, not authorized to transact business in this State, to submit a bid for public work. Appellee, a sanitary district in this State, in due and legal form advertised that it would receive bids on May 15, 1925, for the construction of certain intercepting sewers. By the advertisement, the board of trustees of said sanitary district reserved "the right to reject any and all bids, waive or not waive any informality in the bids received, and to accept any bid or division," etc. Each bidder was required to submit with its proposal a certified check for $7,000 covering Division A, as a guarantee that "if a proposal is accepted a contract will be entered into and its performance properly secured."

The printed advertisement, instructions to and requirements of bidders, referred to in the advertisement, provided:

"In the event that any corporation, organized and

doing business under the laws of any foreign state, is the successful bidder, such corporation shall present evidence before a contract for said work is executed, that it is authorized to do business in the State of Illinois."

The instructions to bidders also required that the bidder to whom the contract should be awarded, "shall, within ten days after receiving notice of such award, execute a contract with said Sanitary District for the full and complete performance of all work specified therein, and shall also execute a bond for the faithful performance of said contract in the sum of the total amount of the contract, with surety company or surety companies as bondsmen whose financial standing is satisfactory to the board of trustees of said District."

There were fourteen bidders for Division A of the work—eight of whom were foreign corporations—the lowest bid being that of Hanson & Willadsen Company, a Nebraska corporation, in the amount of $272,-242.50, being $12,000 less than any other bidder and $26,000 lower than any resident bidder.

After making an investigation as to the responsibility of the several bidders, the board of trustees of appellee sanitary district on May 27, 1925, voted that the bid of Hanson & Willadsen Company of Omaha, Nebraska, "be accepted subject to all provisions of the plans and specifications and requirements of bidding and instructions to bidders and notice to contractors."

On June 4, 1925, the Hanson and Willadsen Company received notice of the award to it of said work. Six days thereafter, on June 10, 1925, said Hanson and Willadsen Company procured a license to transact business in the State of Illinois, and on the same day said license was filed for record in the recorder's office of Sangamon county, Illinois. On June 13, 1925, nine days after receipt of such notice of award,

said Hanson and Willadsen Company submitted to the board of trustees of appellee district proof of its having been licensed to transact business in this State, and, on the same day, June 13, 1925, a formal written contract covering the work in question was executed by said Hanson and Willadsen Company and appellee sanitary district, and its performance secured by a bond executed by Union Surety Company, a corporation duly authorized to execute bonds in the State of Illinois.

Appellant, a taxpayer in said district, filed his bill in equity against the sanitary district and its trustees, to enjoin it and them from proceeding under said contract on the ground that it was void under the statute. Section 80, chapter 32, Illinois Revised Statutes [Cahill's St. ch. 32, ¶ 80] provides that before any foreign corporation of the character involved in the case at bar "transacts any business" in this State it shall procure from the secretary of state a certificate of authority therefor.

Answer and replication were filed. There was a hearing upon the bill, proofs taken and the bill was dismissed for want of equity and appellant has brought the record to this court by appeal, for review.

Appellant contends that the publication of the plans and specifications, and the submission of the bid by the corporation, constituted a contract violating the statute and was, therefore, void. It is further contended that the acts performed constituted a "transaction of business" in this State and that, if the corporation was not permitted to enter into a contract to do such work in the State of Illinois, it was not authorized to submit a bid and therefore the bid was illegal and should not have been received. We can not agree with appellant's contention. The submission of a bid is only a preliminary step looking to the transaction of business, and not the transaction of business in

violation of the statute. 14A Corpus Juris, p. 1279, sec. 3986.

The plans and specifications provided that the bid and award should not constitute a contract, but that the successful bidder should present evidence before a contract for said work should be executed that it is authorized to do business in this State. The rule is, in such cases, that no contract in law is made until the formal written contract is executed. *Baltimore & Ohio S. W. R. Co. v. People*, 195 Ill. 423; *Scott v. Fowler*, 227 Ill. 108.

The statute prohibiting foreign corporations from doing business in this State without a license is for the protection of those with whom such corporations undertake to do business, and is not a shield behind which such corporations or their agents or abettors can hide when it is sought to enforce the performance of their obligations. The foreign corporation is estopped from urging as a defense its own violation of the law. Hence the sanitary district may, at its option, enforce the contract against the foreign corporation in the absence of any license being taken out.

This court has held in *Place v. Tri-State Inv. Co.*, 212 App. 529:

"Appellant now insists that the Tri-State Investment Company is not authorized to do business in this State and that therefore the contract sued on is void. The law prohibiting foreign corporations from doing business in this State, except under certain circumstances and conditions, was intended as a weapon of defense in the hands and for the protection of those with whom such corporations undertake to do business, and not as a shield behind which such corporations or their agents or abettors can hide, when it is sought to enforce the performance of their obligations. *McCarthy v. Alphons Custodis Chimney Const. Co.*, 219 Ill. 616." And this holding was based upon *Joseph T. Ryerson & Son v. Shaw*, 277 Ill. 530, and

*Ross v. New South Farm & Home Co.,* 191 Ill. App. 353. The transaction in itself is not immoral or unlawful and the parties are not mutually estopped from claiming under the contract, if a contract has been entered into. In other words, such a transaction is not void at the suit of appellant, but may be voidable at the option of appellee.

Some question is raised on the record because it was suggested by the court that it be admitted that proof was made that the corporation had made a contract for lime, cement and lumber, with a Springfield firm, before said corporation was licensed to do business in the State of Illinois. No such proof was submitted and if it had been in the opinion of this court it could not effect a reversal of the decree of the lower court.

Finding no error in the record, the decree of the circuit court of Sangamon county should be and is affirmed.

*Affirmed.*