## W. B. Adams, Appellee, v. John W. Taylor and Leslie J. Taylor, Appellants.

### Gen. No. 8,236.

Opinion filed July 2, 1928.

EDWARD E. ADAMS, LESLIE J. TAYLOR, *pro se,* and C. E. FLESHER, for appellants.

L. G. GRUNDY, HOGAN & REESE and JOHN W. COALE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

W. B. Adams, appellee, brought suit against John W. Taylor, appellant, before a justice of the peace of Christian county, in which, on a trial had January 19, 1922, before the court and a jury, a verdict was rendered in favor of appellee for the sum of $140, whereupon appellant, John W. Taylor, prayed an appeal to the circuit court of said county and the justice fixed the amount of the appeal bond at $310.50. On January 24, 1922, appellant, John W. Taylor, as principal, and appellant, Leslie J. Taylor, as surety, executed an appeal bond, the conditions of which are as follows:

"The condition of the above obligation is such that whereas W. B. Adams, on January 19, 1922, before

J. E. Wade, a justice of the peace of Christian County, recovered a judgment against said John W. Taylor for $140.00 and costs of suit, from which judgment said John W. Taylor has taken an appeal to the Circuit Court of Christian County.

"Now if the said John W. Taylor shall prosecute his appeal with effect, and pay whatever judgment may be rendered against him by said court upon the trial of said appeal, or, by consent, or in case the appeal is dismissed or in case the appeal is settled between the parties without a trial by the court appealed to, will pay the judgment rendered against him by said justice, and all costs occasioned by said appeal, then this obligation to be void, but otherwise remain in full force."

A transcript of the proceedings before the justice of the peace and the bond were duly filed in the circuit court of Christian county. Thereafter appellant, John W. Taylor, dismissed the appeal in the circuit court.

On November 12, 1926, appellee brought his action of debt against the appellants upon the appeal bond. Numerous special pleas were filed to the declaration, the substance of which was that no judgment was, in fact, rendered on the verdict by the justice of the peace and therefore there was no judgment to appeal from and the appeal bond was void. Demurrers were sustained to all these pleas and there remained a plea of *non est factum* with notice of defenses thereunder. The special defenses under this plea were as follows: The supposed writing was never delivered to the obligee; the plaintiff did not suffer any alleged breaches thereof; there never was a judgment as recited therein; the supposed writing was, and is, void and was delivered in escrow, and the terms of the escrow violated; there never was any judgment against the defendant, John W. Taylor, as recited in the declaration. On mo-

tion of appellee the notice of special defenses under the plea was also stricken from the plea.

The case was tried before the court without a jury and appellants attempted to prove that no judgment was ever rendered by the justice of the peace on the trial before him and the trial court sustained objections to all such offers of proof and rendered judgment in favor of appellee.

It is the contention of appellants that no judgment was, in fact, rendered in the original suit before the justice of the peace and that therefore the appeal bond was without consideration and void and the circuit court was without jurisdiction of the case on appeal or to render its judgment dismissing the appeal on appellants' motion.

The voluntary dismissal of an appeal by an appellant is a breach of the condition of the appeal bond that the appeal shall be prosecuted with effect. *Koelling v. Wachsning,* 174 Ill. App. 321. In the case of *Smith v. Whitaker,* 11 Ill. 417, the third plea alleged in substance that there was no record of the said supposed judgment rendered by said justice remaining on the docket of said justice in manner and form as recited in the condition of said writing obligatory, and in discussing the sufficiency of such plea it was held that in an action upon an appeal bond from a judgment of a justice of the peace, the obligors thereon were estopped from denying what they deliberately asserted to be true, the existence of the judgment. This case is cited with approval in *McCarthy v. Alphons Custodis Chimney Const. Co.,* 219 Ill. 616. In the case of *Harding v. Kuessner,* 172 Ill. 125, 126, it is held: "It is familiar law the obligors in an appeal bond are estopped to deny the recitals of the bond." In the case of *Arnott v. Friel,* 50 Ill. 174, it was held that a demurrer to a plea which averred that no judgment whatever had been rendered against the defendant at the time the bond sued on was executed was properly sus-

tained on the ground that the obligor in an appeal bond is estopped from denying by a plea a formal admission of a fact stated in the instrument executed and without which admission he could not have taken an appeal. And, in the opinion, the case of *Smith v. Whitaker, supra,* is also cited with approval. In *Herrick v. Swartwout,* 72 Ill. 340, it was held that it was unnecessary to introduce a copy of the record of the judgment appealed from as it is recited in the condition of the bond and the defendants were estopped from denying its existence. A plea in an action of debt upon an appeal bond which denies the existence of a judgment is, in substance, a plea of *nul tiel record* and is not a proper plea in such an action because the suit is not one based upon the record but upon the bond. *Arnott v. Friel, supra.*

The trial court did not err in sustaining the demurrers to the several pleas demurred to nor in entering judgment for appellee, and the judgment is affirmed.

*Judgment affirmed.*