JOHN STEVENS *et al.*

*v.*

DAWSON HAY, Adm'r.

1. WITNESS—*competency under the statute.* Where a man and his wife executed a mortgage on real estate to secure a note, and the mortgagee assigned the note and mortgage, and the assignee died, and his administrator filed a bill to foreclose the mortgage, the mortgagors were not competent witnesses to prove a defense, as they were not embraced in the statute rendering parties competent witnesses.

2. MORTGAGE—*assignment.* A mortgage executed by parties living in this State, to be used in the State of Ohio, to indemnify any person who might become bail for a person in that State, which is assigned to such bail, is valid, and may be enforced to the extent of loss by the bail on the recognizance.

3. Where a person became such bail on the assurance that the note and mortgage were assigned to him as an indemnity, and after his death these instruments properly assigned to him are found amongst the papers of the attorney who procured him to become bail, and who had also died, the presumption is, that the assignment was properly made.

4. BAIL—*liability of.* Where a recognizance has been forfeited in the State of Ohio, and suit brought on the recognizance, resulting in a judgment in favor of the bail, and, on appeal, the judgment is reversed and the cause remanded, and the bail then compromises with the State, and pays a part of the amount of the recognizance in discharge of the forfeiture: *Held,* that the liability of the bail was thus fixed, and when he made the payment he might then look to his principal, or to the note and mortgage that had been assigned to him, for indemnity, and might enforce the

mortgage to the extent that he had paid on the forfeited recognizance and necessary expenses, if that did not exceed the amount of the mortgage note.

5. RECOGNIZANCE—*forfeiture.* Where the principal fails to appear according.to the condition of his recognizance, and a forfeiture is taken, the liability of the bail is fixed, and he can only show that there was no power to take the recognizance, that it is invalid, or that he has in some mode been discharged, to escape liability.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. B. C. COOK, for the appellants.

Mr. FRANK J. CRAWFORD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that one Charles Hay, a brother of Mrs. Stephens, had been indicted in the common pleas court of Wayne county, in Ohio, for nine several forgeries, under which he was then imprisoned in the Wooster jail; and appellants, for the purpose of indemnifying any person who should become his bail, executed the note and mortgage upon which this suit is brought. Levi Cox being the attorney for accused, these instruments were made payable to him. The bail was fixed by the court at $500, in each of the nine cases.

Charles Hay, an uncle of accused, on the 13th of November, 1860, became his bail in all of the cases, and he was released from imprisonment; and on the next day, in pursuance to a previous arrangement, the note and mortgage were endorsed by Cox to the bail to indemnify him against any loss he might incur by entering into the several recognizances. On the 26th of the same month, the accused failing to appear, the recognizances were forfeited in the court of common pleas.

In the year 1865, suits were brought by the State of Ohio, in the same court, on the recognizances, when the bail interposed a defense that the probate court had no authority in law to recognize persons indicted for crime, and the accused had

not been lawfully imprisoned, upon which there was an issue, which, on a trial, was found against the State; but, on appeal, the judgment was reversed and the cause remanded.

Charles Hay, the bail, then petitioned one of the supreme judges for leave to file a petition in error in the Supreme Court, which was refused. To save further expense, Hay, the bail, settled with the attorneys for the State, and paid, in satisfaction of his liability on all of the recognizances, the sum of $2750 and costs.

Charles Hay, the uncle, in this litigation, incurred, as it is alleged, expenses for attorneys' fees, $500. He subsequently died, and, on the 15th day of October, 1867, appellee was appointed administrator of his estate, and to have refunded the money thus paid on the judgment on the recognizance, and attorneys' fees, appellee filed this bill to foreclose the mortgage.

Appellants set up, in their answer, that the note and mortgage were executed and sent to Cox, that he might procure a loan of $2500 from Charles Hay, deceased; but that the money was never obtained, and that the consideration had failed.

Appellant Milton Stevens claims the mortgaged premises by a deed of conveyance from the other appellants, and filed a cross bill to have his rights established, the answer to which denies that the conveyance was *bona fide,* and alleges that it was subsequent in time to the mortgage, and must be held subject to its provisions.

On the trial below, Stevens and wife testified to the version they gave of the matter, in their answer: that the note and mortgage were executed to procure a loan of money. Their evidence was not admissible, under our statute, as the assignee was dead, and the proceedings were instituted by his administrator. They do not come within any exception of the statute. The record shows they testified in their own behalf, as well as for their co-defendant, against the objection of appellee's counsel; and being incompetent, their testimony should not have been received. If it were excluded, the evidence would be

26—61ST ILL.

overwhelming that the note and mortgage were executed to enable Cox to obtain bail for the accused by transferring it as an indemnity to whoever might become bail. But if it were considered in the case, then the evidence strongly preponderates in favor of the fact that the instruments were executed for that purpose, and not to procure a loan of money. To this, Harris, the justice of the peace who prepared the papers and took the acknowledgment, and Delia Sloan, then the wife of accused, and who had come to this State for the express purpose of procuring the instruments, that, with them, her husband might be enabled to procure bail, both clearly and unequivocally swear. They were both present, and heard and knew what was said and done when the instruments were executed, and Mrs. Sloan was entrusted with them to be delivered to Cox, in Ohio, for the purpose. They are both disinterested and free from all interest, and had an equal opportunity to know all the facts, and their evidence is entitled to more weight than appellants', even if theirs was admissible.

Again, John Stevens stated to Flattery, in a conversation with him, when he desired the latter to surrender the note and mortgage, that the recognizances, on which the assignee was bail, were void and could not be collected. He placed the demand alone on that ground. He also admitted to Jeffries that they were given to indemnify any one who might become bail. And to Welker he claimed that, if the note and mortgage were given for indemnity, Charles Hay was not liable on the recognizances, and they should be given up to him.

With such an array of evidence in the record, we can have no doubt that the note and mortgage were executed to be used by Cox in procuring bail precisely as he did, and that he thus was constituted and became a trustee for the purpose, and that, having procured Charles Hay to become bail, if it was induced by the assignment of the note and mortgage, he acted within the scope of his powers as such trustee, and the bail became fully invested with the right to insist upon indemnity from the

mortgaged premises to the extent of the note and mortgage, if he had been compelled to pay that sum on the recognizances.

But it is urged that there is no evidence that the note and mortgage ever in fact were assigned or passed to Charles Hay, the bail. Cox is dead, and we have to look to other evidence for proof of the fact.

Welker swears that Cox informed him that he had assigned the note and mortgage to Hay. It appears Cox was his attorney, and the papers were found in a desk of his after his death, indorsed as they now are; and Mrs. Sloan swears that Charles Hay, at the solicitation of Cox and herself, became bail under the agreement that the note and mortgage were to be assigned to him as indemnity. This proof is sufficient to establish the fact, and his statements to Jeffries and Welker show that John Stevens recognized Charles Hay as the assignee of these instruments.

We regard the evidence as abundant to show that he was the assignee, and, as such, had the right, which has vested in his representative, to enforce the mortgage to indemnify him for moneys paid by him on the forfeiture of the recognizances.

It is urged that appellee failed, by the evidence, to prove that his intestate was liable to pay the money to the State in discharge of the several recognizances, and hence appellants can not be charged with the amount.

The evidence shows that the recognizances were forfeited, and if so, that created a *prima facie* liability for their payment. A judgment was subsequently rendered in favor of the recognizor in a suit brought in the common pleas court, but, on error to the district court, the judgment was reversed and the cause remanded. This left the judgment of forfeiture in full force and effect, and a judgment of the district court in like force, holding that the recognizances were legally entered into before the probate judge. The defense interposed was held insufficient. This, then, was *prima facie* such a liability as required the recognizors to pay the forfeiture.

Having shown a *prima facie* liability on behalf of decedent, it then devolved upon appellants to overcome that presumption by showing that some defense existed that would have defeated a recovery by the State in the suit then pending.

Appellants have not even suggested, much less proved, any defense that could have been successfully interposed.

On rendering the judgments of forfeiture, the liability of bail was fixed, unless some release, discharge or want of original liability on the recognizances could be shown on *scire facias,* or in a suit on the record, and none has been suggested to have existed. His liability being fixed, he was not required to incur further expense by litigation. If he paid without being in fact liable, although the record showed he was, appellants could have shown it and escaped all responsibility; but no proof was introduced to show that the principal had paid the judgment of forfeiture,. or that the recognizances were otherwise discharged before appellee's decedent compromised and paid them. But the proof shows that the principal was insolvent.

. It is objected that the common pleas court had power to remit a portion of the forfeitures, and that Charles Hay should have made application for that purpose.

The prosecuting attorney swears that he was induced to make the deduction he did on the compromise, as he feared the court would make such a deduction if asked by Hay.

We are aware of no common law rule that vests a court with such a power. But the 4th Geo. 3, Ch. 10, provides that, after the recognizance has been forfeited, and estreated into the exchequer, the Barons may discharge any person, on petition, whom they think entitled to favor. 1 Chit. Crim. Law, 92. But whether the State of Ohio has adopted that or any similar act, does not appear, and in the absence of proof, we can not presume it has.

Nor does the evidence show that Charles Hay was induced to become bail on any promise that his son would indemnify him for so doing. It does, however, appear that his son loaned

him some money with which to pay the judgments of forfeiture; but that fact can in nowise affect the liability of appellants to refund to the estate of Charles Hay the money he paid to become discharged. Nor is it a defense that Stevens was not notified of the suit on the recognizances. Failing to give such notice, appellee was bound to prove a liability on the part of his intestate to pay the money before he could recover. This he did when he proved the forfeiture.

Chitty, in his treatise on criminal law, vol. 1, p. 106, says, the same consequences flow from a want of a strict compliance with the terms of a recognizance to appear to answer a criminal charge, that attach to a forfeiture to prosecute, or as a witness. And at page 92, he says that, by the non-appearance of the prosecutor or witness under recognizance, it is broken, forfeited and absolute; and being estreated, the party becomes an absolute debtor to the crown for the penalty named in the recognizance. When, therefore, the judgment of forfeiture was shown, a *prima facie* liability was established, which not only authorized the bail to pay the amount, but *prima facie* rendered Stevens liable to refund the money to him, and that liability not having been disproved, the court below did not err in rendering the decree, and it is affirmed.

*Decree affirmed.*