85 161
s185s219

## Catherine S. Smith v. Mary L. Rountree.

1. TAXES—*Paid by One Person for the Benefit of Another.*—Where taxes and special assessments are paid by a person upon lands conveyed to him by another, and the conveyance is afterward set aside as fraudulent equity and good conscience require that the amounts so paid should be refunded to the person paying them, and slight circumstances are sufficient to raise an implied promise to repay the same.

2. APPELLATE COURT PRACTICE—*Cross Errors, When Required.*— An appellee can not raise the question in the Appellate Court as to whether the recovery is as large as it ought to be, under the evidence in the case, without the assignment of cross-errors raising the question.

Assumpsit, for money paid. Trial in the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed May 19, 1899. Rehearing denied October 4, 1899.

W. E. HUGHES, attorney for appellant.

GEO. HUNT, attorney for appellee; JAMES R. WARD, of counsel.

Mr. Justice Crabtree delivered the opinion of the court.

This was an action of assumpsit, by appellee against appellant, to recover an amount claimed by the former to be due her on various items of account and two promissory notes appearing in the record and evidence. A jury being waived, the cause was tried by the court, with a finding in favor of appellee for $866.29, upon which judgment was rendered after a motion for new trial was overruled, and the defendant appealed to this court.

The only items upon which judgment appears to have been rendered in favor of appellee were two promissory notes of $100 each, with several years interest thereon, and also certain claims for taxes and special assessments paid by appellee on lands belonging to appellant.

As to the promissory notes, there seems to be little, if any, complaint, the controversy arising upon the allowance for taxes and special assessments paid by appellee upon real estate which had previously been conveyed to her by appellant, but the deeds to which were afterward set aside by a decree of the Circuit Court of Lake County, which decree was affirmed by the Supreme Court in Rountree v. Smith, 152 Ill. 493, to which reference is made for a statement of the facts relating to such conveyances, as well as the relations and circumstances of the parties. These taxes and special assessments appear to have been paid in 1892 for the levy of 1891. It is contended by appellant that these payments were made by appellee in support of a hostile title set up by her against the real owner, the appellant, and that no recovery can be had therefor without proof of a special request by appellant upon appellee to pay the same. Without going into the evidence in detail, we think, as to a part of these taxes, a special request was sufficiently proven, and as to the remainder, we are of the opinion, under all the facts and circumstances appearing in the evidence, that, in equity and good conscience, these amounts paid out having inured to the benefit of appellant, and she, by her own acts, having rendered the payments of no benefit to appellee, the latter should have the same repaid

Smith v. Rountree.

to her, and that the circumstances are sufficient to raise an implied promise to pay. It is questionable, under the evidence, whether the recovery is as large as it ought to be, in view of all the care and kindness bestowed on appellant by appellee, and all the services rendered by the latter, by way of attendance in sickness, nursing, board and matters of that nature, but as no cross-errors have been assigned we need not consider that question at any length; but it is not improper to say the evidence shows that for several years appellee was unremitting in her care and attention of appellant, when the latter was in ill health, bathing her constantly, washing her person, combing her hair, and giving her all the kindly care and nursing which one in her weak state of health required, and for which appellee received no pay whatever, either for board or nursing. The deeds which appellant made to appellee, and which the latter insists were executed for the purpose of requiting the kindness she had bestowed upon appellant, were set aside at the suit of the latter, as above stated, and now it is sought to defeat appellee in the recovery of the taxes and special assessments she paid on these lands conveyed to her, not, as we conceive, in support of a hostile title, but to protect them from sale for taxes. Appellant did not pay them; appellee did. As we have said, the payments inured to the benefit of appellant, by protecting the property from tax sales, and we see no just reason why these items should not be refunded to appellee. We think the finding of the court allowing these items to appellee was just and right. The proceedings in the chancery suit referred to do not, in our judgment, constitute any bar or estoppel to the maintenance of this suit for a recovery of the items allowed for.

Complaint is made as to the action of the court on propositions of law.

We do not regard the sixth proposition, asked by defendant, as being applicable to the facts of this case. It assumes the setting up of a hostile title by the mere filing of the deeds for record. While it was settled in the chancery case that appellant was entitled to a reconveyance of the

lands deeded to appellee, it ought not to be assumed in this case that when the deeds were filed for record appellee was intending to do anything antagonistic to the rights of appellant. We think the sixth proposition was properly refused. There was no error in the rulings of the court on other propositions of law. A careful examination of the whole record satisfies us that no injustice has been done appellant, and the judgment will be affirmed.