## Charles W. Haish v. Marshall Field & Company.

1. GUARANTY—*An Original Undertaking.*—A written instrument contained the following provision : " I further agree to pay said Marshall Field & Co. all costs, expenses and reasonable attorney's fees paid or incurred by them, in endeavoring to obtain payment for such goods and merchandise from said W. E. Hart or myself." *Held*, that any claim under this guaranty was not due at the commencement of the suit to obtain payment for goods sold and could not be included in such suit, but is collectible in a second suit on the guaranty.

Guaranty.—Common counts. Appeal from the Circuit Court of De Kalb County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

JONES & ROGERS, attorneys for appellant.

ROBERT W. WRIGHT, attorney for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellees against appellant to recover expenses and attorney's fees incurred by appellees in a former suit between the same parties. That suit was brought by appellees upon a written guaranty executed by appellant for the payment of the prices and values of such goods and merchandise as should be sold by appellees to

one W. E. Hart, during the time therein mentioned. The judgment therein in the court below was in favor of Haish, but on writ of error this court reversed and remanded the case. See Marshall Field & Co. v. Haish, 85 Ill. App. 164, where the instrument sued on is set out in full.

Upon a second trial in the court below, appellees recovered a judgment against appellant for the sum of $305.39 and costs of suit, which amount and costs were duly paid by appellant. The written instrument above referred to contained among other things the following provision : " I further agree to pay said Marshall Field & Co. all costs, expenses and reasonable attorney's fees paid or incurred by them in endeavoring to obtain payment for such goods and merchandise from said W. E. Hart or myself," and it is upon this provision that the present suit is based. In this case a jury was waived and the trial was had before the court upon a written stipulation as to the facts. Appellees filed a bill of particulars, showing the amount claimed by them to be $196.70. It was agreed by the parties in the stipulation, upon which the case was tried, that the suit was brought solely to recover expenses and attorneys' fees incurred in the suit, upon the guaranty above referred to, and "that such attorney's fees and expenses as shown by said bill of particular items were reasonable, and were not included in the judgment in the former suit upon such guaranty, nor offered in evidence in such suit." The court found in favor of appellees and gave judgment against appellant for $196.70.

Appellant contends (1) that the costs, expenses and attorney's fees provided for by the written instrument were only those which might be incurred in endeavoring to obtain payment, by suit or otherwise, for the goods and merchandise in question from said Hart or from appellant, and not such costs, expenses and attorney's fees as should be incurred in bringing suit against appellant on the written guaranty; (2) that appellees should have included all demands in the first suit, and not having done so, they can not, in this suit, recover the expenses and attorney's fees incurred in that suit. By the language of the written guaranty the costs,

expenses and attorney's fees which appellant agreed to pay were those which should be incurred by appellees in endeavoring to obtain payment for the goods and merchandise sold Hart "from said W. E. Hart or myself." Appellees had sold no goods to appellant directly, and the only way in which they could obtain payment from him for such goods and merchandise as were sold to Hart, was by suing appellant upon the contract of guaranty. The plain interpretation of the contract of guaranty is that it includes such costs and expenses and reasonable attorney's fees as should be incurred in suing Hart for the value of the goods and merchandise, or in suing Haish upon the guaranty. To give the contract any other meaning would be to partially nullify the evident intention of the parties. The case of Abbott v. Brown, 131 Ill. 108, relied upon by appellant, is not in point here. In that case there was a guaranty indorsed upon the back of a promissory note for the payment of a note at maturity, and also to pay "all costs and expenses paid or incurred in collecting the same, including attorney's fees." The guaranty plainly included only the costs and expenses incurred in an action upon the note against the maker, and the court therefore properly held that it did not render the guarantor liable for the same in the suit upon the guaranty. This is very different from the provision of the guaranty here, which provides for the payment of such costs, etc., incurred by appellees in endeavoring to obtain payment from either Hart or Haish.

It is further obvious that the expenses and attorney's fees incurred in the former suit against appellant upon the guaranty could not have been collected in that suit because it could not have been known until the determination thereof, what such expenses would be. Further, the expense and attorney's fees which might be incurred in the suit were not due at the time the suit was brought and consequently could not have been included in the same action. Dearlove v. Edwards, 166 Ill. 619. A second suit was therefore necessary to recover the expenses and reasonable attorney's fees provided for by the written guaranty. The judgment of the court below will be affirmed.