### Docia Barton, Appellee, v. Mattie Hayden, Administratrix, et al., Appellants.

1. Witnesses, § 95*—*where mortgagor not competent witness in suit to annul mortgage as cloud on title.* In a suit in chancery to annul a mortgage as a cloud on title, where a cross-bill is filed by the administratrix of the mortgagee to foreclose the mortgage, the testimony of the mortgagor is not competent to prove a defense to the cross-bill, such mortgagor not being within any of the exceptions to section 2 of the Evidence Act (J. & A. ¶ 5519), relating to the competency of the testimony of interested witnesses in suits where the adverse party sues or defends as trustee, etc.

2. Appeal and error, § 1301*—*when presumed chancellor did not consider incompetent evidence.* Where the competent evidence in a suit in chancery is sufficient to sustain the decree, such decree will not be reversed on account of the admission of incompetent evidence, the presumption being that the chancellor did not consider the incompetent evidence in arriving at his decision.

3. Trial, § 286*—*when chancellor may disregard evidence.* In a suit in chancery it is the correct practice for the chancellor, who is the judge both of the law and evidence, to regard no portion of the evidence which is immaterial or illegal, and to decide the case on the legal evidence alone.

4. Appeal and error, § 1772*—*when case not reversed.* Where several persons are made parties to a bill and all are served with process, while but one appeals, there must have been some error prejudicial to the rights of appellant in order to warrant a reversal, it being taken as granted that parties served with process and not appealing acquiesced in the action of the trial court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Barton v. Hayden, 199 Ill. App. 37.

5. BILLS AND NOTES, § 109*—*what constitutes negotiable instrument.* In order to be negotiable either at common law or under our statute, an instrument, draft, bill of exchange or promissory note must be payable unconditionally, and any condition attached to its payment destroys its negotiability.

6. ASSIGNMENT, § 22*—*when assignment does not vest title in assignee.* An assignment of an instrument promising the payment of money, which promise is burdened with a condition as to payment, does not vest title in the assignee so as to enable such assignee to maintain an action in his own name.

7. BILLS AND NOTES, § 13*—*what does not constitute bill or note.* If an order or promise to pay money be payable provided terms mentioned are complied with, or provided a certain act be done, such instrument is not a bill or a note.

8. BILLS AND NOTES, § 92*—*when memorandum on bill or note part thereof.* A memorandum on a bill or note either after the signatures indorsed on the back or written in the margin, if contemporaneous with the execution of the instrument and by agreement of the parties, is a part of the instrument, and binds parties as though introduced in the body of the instrument.

9. BILLS AND NOTES, § 92*—*when party may show purpose of memorandum on bill or note.* It is competent for any party to a bill or note to show when and for what purpose a memorandum appearing on the instrument was made, as affecting its negotiability.

10. BILLS AND NOTES, § 92*—*when memorandum on note part thereof.* A memorandum on a promissory note that the note is secured by mortgage and is payable out of a certain fund as therein provided is part of the note, although appearing after the signature of the maker.

11. BILLS AND NOTES, § 92*—*when note containing memorandum of mortgage construed with mortgage.* Where a note contains a memorandum that the note is secured by mortgage and is payable out of a certain fund as provided therein, it is to be considered in connection with provisions of the mortgage.

12. WITNESSES, § 106*—*when mortgagee competent witness in behalf of mortgagor in suit to annul mortgage.* In a suit in equity to annul a mortgage as a cloud on title, where the administratrix of the assignee of the mortgagee files a cross-bill to foreclose the mortgage, the testimony of the mortgagee is competent evidence on behalf of the mortgagor under section 2 of the Evidence Act (J. & A. ¶ 5519), relating to the competency of the testimony of interested persons in suits where the adverse party sues or defends as trustee, etc.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

13. BILLS AND NOTES, § 440*—*when evidence sufficient to show non-negotiability of note.* A note containing a memorandum that the note is secured by mortgage and payable out of a certain fund mentioned therein, which mortgage provides that the note shall be paid out of certain funds to be collected from a third person, is shown to be conditional and therefore not negotiable by evidence that the note was payable by the maker only in case the mortgagee failed to collect the fund from such other person.

14. MORTGAGES, § 168*—*when assignee of mortgage securing note may not maintain action on note.* The assignee of a mortgage securing a note which is conditional as to the promise of payment does not take title to the note as negotiable paper, and no action can be maintained, either in his name or in the name of his legal representative, to collect the same.

15. MORTGAGES, § 384*—*when decree of foreclosure by assignee of mortgagee denied.* Where a bill is brought to annul a mortgage as a cloud on title and the administratrix of the assignee of the mortgagee files a cross-bill to foreclose, the cross-bill is properly dismissed when it appears that the note secured by the mortgage is conditional as to payment.

16. MORTGAGES, § 169*—*when mortgage lien enforceable by mortgagee for assignee of debt.* Where a note secured by mortgage on an undivided interest in real estate is unenforceable in the hands of the administratrix of the assignee of the mortgagee because burdened with a condition as to payment, yet the mortgage is a lien on the property if rights in the property are given in the mortgage which, on compliance with conditions, the mortgagee may enforce.

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed in part, reversed in part and remanded. Opinion filed April 17, 1916.

CHARLES H. HOLT, for appellants.

SAMUEL L. DWIGHT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, Docia Barton, filed a bill in chancery against Daniel Hayden, W. W. Hyde and William Barton. The first part of her bill related to matters be-

tween William Barton, her former husband, from whom she had been divorced, and herself as to alimony, but he was not served with summons, so that those matters were not adjudicated and are not material here. The second part of the bill sought to cancel and set aside, as a cloud on her title, a mortgage given by appellee to W. W. Hyde on her undivided one-half of a certain lot in Centralia, Illinois, on the ground that there was no consideration for the same. Daniel Hayden died after the commencement of the suit, and Mattie Hayden, the administratrix of his estate, was substituted as a defendant in his stead. She filed an answer to the bill alleging the assignment of the note secured by the mortgage, without notice of defense before maturity by W. W. Hyde, the payee, to her intestate, Daniel Hayden. She also filed a cross-bill in the suit against appellee, seeking to foreclose the mortgage. Upon the hearing a decree was entered dismissing the cross-bill for want of equity, and it was further found and decreed that said mortgage was not a lien against appellee's undivided interest in the lot in question but was as to the same null and void. From this decree said administratrix has prosecuted this appeal, insisting the decree should be reversed, because the court erred in permitting appellee to testify in the case, also in dismissing the cross-bill and in finding the mortgage was not a lien upon the property.

The only evidence introduced on the trial by appellee was her own testimony and three exhibits relating to the divorce proceedings. It is urged by appellant that under section 2 of the chapter in our statute on evidence and depositions (J. & A. ¶ 5519), appellee was not competent to testify against appellant, unless her testimony was included within one of the exceptions to said section. The record shows that her testimony was general in character and was introduced as a defense to the note and mortgage held by the administratrix who sued as an adverse party. We find no ex-

ception to the statute that would permit her, under these circumstances, to testify and must therefore hold that her testimony was incompetent. This holding is in line with *Stevens v. Hay,* 61 Ill. 399. In that case Stevens and wife had given a note secured by mortgage to procure a loan of money. The mortgagee assigned the note and mortgage and the assignee died. The administrator of the assignee filed a bill to foreclose the mortgage and it was there held that the mortgagors, Stevens and his wife, were not competent witnesses to prove a defense as against the administrator of the assignee. It is well settled, however, in chancery practice that where the competent evidence is sufficient to uphold the decree, the same will not be reversed on account of the admission of incompetent evidence, as the presumption is that the chancellor did not consider the evidence which was incompetent in arriving at his decision.

In *Swift v. Castle,* 23 Ill. 209, it was said by our Supreme Court: ''The question presented upon the trial before the chancellor, as well as in the Appellate Court, is, upon all the legitimate evidence in the cause, what decree should be rendered. The chancellor being the judge of both the law and evidence, the presumption is, that in rendering his decree he will only regard that which is legal and pertinent. * * * It is the correct practice for the chancellor, after the evidence is heard, to regard no portion of it which is immaterial or illegal, and to decide the case alone on the legal evidence adduced.'' It was also held in *Treleaven v. Dixon,* 119 Ill. 548, that ''In chancery cases, the whole record, including all the evidence offered, is before us, and we are required to assume that all the incompetent evidence was rejected, and all the competent evidence was admitted and considered, on the final hearing. If there is competent evidence in the record sufficient to sustain the decree, it must be affirmed; if not, it must be reversed, and this without regard to

whether the chancellor may have been right or wrong in his views as to the competency of the evidence at the hearing." (See also, *Goelz v. Goelz*, 157 Ill. 33.) We must, therefore, consider how far and to what extent the decree in this case is sustained by the competent evidence.

The only evidence introduced in behalf of appellee other than her own testimony were a tax receipt for taxes paid by her in Centralia township, Marion county, Illinois, which covered the taxes on the property in question, a copy of the order for temporary alimony awarded her by the Circuit Court of Marion county, Indiana, in her suit for divorce against her husband, and a decree for divorce against her husband rendered by the same court, containing an order that he pay her $3 a week for the support of her minor children, whose care and custody were awarded to her, a certified copy of which was filed for record in Marion county, Illinois, prior to the commencement of this suit. On the part of appellant the note and mortgage were introduced, the former being as follows:

"$125.00.          Centralia, Ill., December 18, 1912.

"Six months............after date, for value received I..........promise to pay to the order of William W. Hyde............the sum of one hundred and twenty-five .............dollars, at Centralia, Ill..........with interest at the rate of............per cent. per annum from............until paid. Interest payable............annually. Mrs. D. Barton. This note secured by mortgage, and to be paid out of a certain fund as provided in said mortgage."

The mortgage was in the usual form and by it appellee mortgaged an undivided one-half of Lot No. 2, Block 14, in Jones, Gregory and Stickney's Addition to Centralia, Illinois, and contained the following condition: "A decree having been rendered against one William Barton (owner of the other half of said property) and which decree has been placed on record as a lien against said William Barton's interest in said

property, it is agreed that grantee herein shall collect the amounts due on said note out of the money arising from said decree, either by collecting the same from said William Barton or enforcing the same out of his half of said property, any rents realized from said property after payment of taxes, repairs and other necessary expenses, one-half of net remaining amounts shall be applied on said note. When note so paid in full, same and this mortgage shall be canceled, surrendered and released by said grantee.'' Both the note and mortgage were assigned by W. W. Hyde, the payee, to Daniel Hayden before maturity. Hyde testified on behalf of appellants that appellee agreed to pay him $150 for his services as her solicitor; that he filed the bill for divorce, obtained an order for temporary alimony and the decree for divorce; that at her request he obtained a restraining order to keep her husband from in any way interfering with her; that he caused the husband to be cited to appear in court to compel the payment of the amounts he was ordered to pay, but that he claimed to be out of employment and the court refused to make an order compelling him to pay the same; that $25 solicitor's fees were allowed him by the court in the divorce proceedings, which he never got, and that the note and mortgage in question here were for the balance of his fees; that he sold and transferred the same to Hayden for $110 in money. While W. W. Hyde was made a defendant and served with process, as well as Daniel Hayden, yet the administratrix alone appeals from this decree, and therefore before the same could be disturbed here, it must be found that some error was committed prejudicial to the rights of such appellant, and it is to be taken as granted that any party to the suit served with process and not appealing, acquiesced in the action of the trial court. *Schwartz v. Ritter,* 186 Ill. 209; *Press v. Woodley,* 160 Ill. 433.

Before appellant can be heard to complain concern-

ing the dismissal of her cross-bill, it must appear that the contract which she held was a negotiable instrument, which could be legally transferred by indorsement and delivery. "The rule governing negotiable instruments, to make them assignable under our statute or at common law, is that the instrument, draft, bill of exchange or promissory note must be payable unconditionally, and that any condition attached to payment destroys negotiability, and an assignment of an instrument so burdened does not vest title in the assignee so as to enable such assignee to maintain an action in his own name. *Kingsbury v. Wall*, 68 Ill. 311. Daniels on Negotiable Instruments states the rule thus, vol. 1, p. 34: 'The instrument must be payable unconditionally and at all events in order to be negotiable. If the order or promise be payable, provided terms mentioned are complied with, it is not a bill or note, and likewise if payable provided a certain act be done.'" *Knights & Ladies of Security v. Hibernian Banking Ass'n*, 137 Ill. App. 175. While it is true the note in question is in its terms certain as to amount and time of payment in its general terms, yet there is attached to it the statement, "this note secured by mortgage, and to be paid out of a certain fund as provided in said mortgage," and this notation is shown to have been put on the note by the parties when it was executed. In *VanZandt v. Hopkins*, 151 Ill. 248, it is stated: "There seems to be no substantial conflict in the authorities that a memorandum, either after the signatures to a bill or note endorsed on the back or written on the margin 'contemporaneously with the execution of the instrument, and by agreement of the parties, will form a part of their contract, and bind them the same as if introduced into the body of the instrument.'" In that case the instrument sued on was written and signed as a promissory note, but after the signatures there was a statement showing that the note was given for the purchase of a certificate of stock in a manufacturing company, to be delivered

simultaneously with the payment of the money named in the note, and it was held that as the money was to be paid upon the contingency of the readiness and ability of the payee to deliver the stock, that affected and destroyed the negotiability of the instrument; and it is also held that it was competent for either party to show by parol when and for what purpose the memorandum was made. It therefore appears that the memorandum upon the note in question was a part of the contract and its purpose was subject to parol explanation. The provision in the mortgage to which the note referred to should also be considered in connection with the condition named in the note. The provision in the mortgage concerning the collection of the note was that the "grantee herein shall collect the amounts due on said note out of the money arising from said decree, either by collecting the same from said William Barton or enforcing the same out of his half of said property, any rents realized from said property after payment of taxes, repairs and other necessary expenses, one-half of net remaining amounts shall be applied on said note."

W. W. Hyde, whose testimony was competent evidence, also stated when explaining the condition attached to the note: "If Barton paid she was to be relieved, if he did not pay she was to pay." The negotiability of this instrument was therefore destroyed as the promise of payment was conditional and not certain as required in negotiable instruments. Daniel Hayden therefore could not take title to the note as negotiable paper, and suit could not be sustained to collect the same, either in his name or that of his legal representative. It follows that the court below properly dismissed the cross-bill of appellant, and its action in so doing must be affirmed. It does not follow, however, that the court was right in granting the relief prayed for by appellee and in holding that the mortgage was not a lien against appellee's undivided inter-

est in the lot in question but as to the same was null and void. While the note in question was not negotiable, as we have above held, yet it and the mortgage given to secure it on their face gave Hyde, the payee and mortgagee, certain rights which, all conditions being complied with, he was entitled to enforce. And this especially applies to that portion of the condition in the mortgage which provides that, "Any rents realized from said property after payment of taxes, repairs and other necessary expenses, one half of net remaining amounts shall be applied on said note." The testimony of appellee being incompetent as against appellant, there was no proof which sustained her claim that the note was without consideration.

That portion of the decree which grants the relief prayed for in the original bill and declares that the mortgage in question is no lien against the undivided interest of appellee in the lot referred to, and holds such mortgage null and void, is reversed and the cause remanded for such further proceedings as the parties may desire to take in conformity with the views herein expressed. We direct that each of the parties here pay one-half of the costs of this appeal.

*Affirmed in part, reversed in part and remanded.*