## Globe Indemnity Company, Appellee, v. Jacob Kesner, Appellant.

## Gen. No. 21,870.

1. INDEMNITY, § 1*—*what is nature of contract of.* A written obligation to indemnify a party in a certain amount on certain specified conditions has the characteristics of a bond.

2. INDEMNITY, § 21*—*what are not defenses to action on bond.* Failure of consideration or to execute another bond agreed to be executed are not defenses to an indemnity bond.

3. INDEMNITY—*when obligor of bond is estopped to deny recitals of bond.* Where the defendant had executed a bond reciting that the obligee had executed or agreed to execute a bond in a certain "penal sum" on appeal in a certain case and agreeing to indemnify the obligee as to any payment made by the obligee in consequence of having executed such appeal bond, *held,* in an action on such indemnifying bond, that the purport of such recitals in such bond was that the obligee therein had executed an instrument adequate to effect the appeal sought and defendant would be estopped from denying such recitals, whether the obligee executed a technical penal bond or not on such appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. DEBT, ACTION OF, § 17*—*when judgment is not reversibly erroneous.* A judgment for damages alone in an action in debt is irregular in form only and not reversible on that ground.

5. INTEREST, § 28*—*when rate of interest on foreign judgment is at rate fixed by domestic statutes.* Interest on a foreign judgment should be at the rate fixed by the domestic statute in the absence of competent proof of the foreign interest statute.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here. Opinion filed February 9, 1917. Modified and refiled February 19, 1917. *Certiorari* denied by Supreme Court (making opinion final).

D'ANCONA & PFLAUM, for appellant.

ADAMS, CREWS, BOBB & WESCOTT, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This action is founded on an indemnifying bond whereby appellant bound himself to pay appellee the sum of $15,500 on certain conditions therein named. In that form it has all the characteristics of a bond. (*Chicago Sash Door & Blind Mfg. Co. v. Haven,* 195 Ill. 474.)

Following the paragraph containing the formal obligation the instrument reads:

"The condition of the aforegoing obligation is such, that whereas, at the special instance and request of said obligors and on the security hereof, the company has executed, or agreed to execute, a bond in the penal sum of fifteen thousand five hundred dollars, to on appeal in re Margaret V. Hayes against J. L. Kesner Company dated the Twenty-Sixth day of November, 1912, conditioned for the payment of judgment and costs in the above.

"Now Therefore, if the above bounden Jacob L. Kesner shall and do pay annually in advance, the premium or charges of one hundred fifty five ($155.00) Dollars, made by the Company for executing said bond

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and continuing same, and shall hold and keep harmless the Company from and against any and all liability, loss, damages, costs, charges and expenses of whatever nature or kind which the Company shall or may at any time sustain, incur, or be put to, for, or by reason or in consequence of the Company having given and executed the said bond; also all costs and expenses which it may incur in investigating any claim made thereunder or in or about prosecuting or defending any action, suit or other proceedings which may be commenced or prosecuted against said Undertaking on Appeal or against the Company, upon the said bond or any wise in relation thereto; then this obligation to be void, otherwise it is to be and remain in full force and virtue.

(Signed) Jacob L. Kesner (Seal)''

Defendant pleaded failure of consideration, which was not proven and need not be considered, for it is no defense to a bond (*Haven* case, *supra*), and also failure ''to execute a bond in the penal sum of $15,500'' on the appeal referred to in the instrument, which was practically the same defense. In fact there was no legal defense pleaded.

In conformity with undenied allegations of the statement of claim, plaintiff (appellee) made proof of the bond sued on, of the judgment of a New York Court for said Margaret V. Hayes against said J. L. Kesner Company, of the execution by plaintiff of an ''undertaking on appeal'' therefrom, of the dismissal of the appeal, of a suit and judgment against plaintiff on said undertaking, of the payment of $14,656.14 in satisfaction thereof, of interest at six per cent. from date of payment, and of a due and unpaid premium for $155, aggregating $16,496.58, for which the court assessed plaintiff's damages, defendant offering no evidence.

The assigned errors relied upon go to the court's finding, the refusal to hold certain propositions of law,

admission of evidence, and the form of the judgment.
All hinge on one fact—the undertaking referred to.

Appellant's point of law is that his liability on the
bond sued on cannot be extended beyond express terms
of his agreement.   That is conceded.   But his argu-
ment is predicated on considering the execution of a
penal bond by plaintiff as a condition of the bond sued
on.   What is thus referred to as a "condition" of the
bond is a mere recital in its "whereas" clause.   The
conditions thereof are stated in the following para-
graph, and appellant's liability rests on his undisputed
nonperformance of them.   It is with the conditions to
be performed by the obligor and not the obligee that
this action is concerned.

When analyzed, appellant's only point is that proof
of such undertaking on appeal, claimed by appellee to
be authorized by the New York practice, is not proof
of plaintiff's execution of a penal bond.   As before
stated, this seems to go merely to the question of fail-
ure of consideration, which could not properly be
pleaded.

But regardless of whether plaintiff's agreement con-
templated a technical "penal bond," or an "under-
taking on appeal," as it is referred to in the quoted
final paragraph, or whether by such reference the lat-
ter is not properly read as if incorporated in the in-
demnifying bond (5 Cyc. 757), especially as it was
executed the same day and became a part of the same
transaction, still the undisputed facts remain that ap-
pellant received the benefit of carrying up the *Hayes*
case on appeal through plaintiff's execution of "said
undertaking on appeal," and that plaintiff, in conse-
quence of such undertaking, had to pay the judgment
appealed from.

As we view it, the purport of the recitals in the bond
sued on is that plaintiff executed an instrument ade-
quate to effectuate the appeal sought, and appellant

is estopped from denying them. (*Arnott v. Friel,* 50 Ill. 174; *Courson v. Browning,* 78 Ill. 210; *Mix v. People,* 86 Ill. 329.)

It is difficult to see how this became an issue necessitating hearing evidence thereon, for the fact of the execution of an "undertaking on appeal" was pleaded and not denied, and the case does not come here on the sufficiency of the statement of claim to support a judgment.

In this view of the case it is unnecessary to inquire into the character of the instrument executed by plaintiff, or whether there was competent proof of the New York statutes authorizing it. It is enough, as the proof shows, and appellant admits, that the appeal sought was effected through an instrument executed by plaintiff in consequence of which it had to pay the judgment appealed from. It was to indemnify plaintiff against just such a consequence that appellant executed the bond here sued on, and, having failed to perform its conditions, he cannot escape liability thereon.

As the submitted and refused propositions of law required treating the above recital as a "condition" of the bond, they call for no additional comment.

A reversal is urged because the action is one of debt and the judgment should accordingly be in the usual form for the penalty, as the debt, to be discharged on payment of the damages. In *George J. Cooke Co. v. Burke,* 148 Ill. App. 155, this was treated as matter of form and not ground for reversal. Appellant urges it is matter of substance and cites *Frazier v. Laughlin,* 6 Ill. 347; *Freeman v. People,* 54 Ill. 153, and the *Haven* case, *supra.*

But as the interest on the judgment paid by appellee was computed at the rate of six per cent. as allowed by the statute of New York without competent proof of such statute, we should enter the judgment here

that should have been entered below, the case having been heard without a jury, and, in doing so, enter it in the usual form. Even if the rules of the Municipal Court are properly in the record, we do not think they authorize a different form of judgment there.

The judgment will be entered for the amount of the penalty, $15,500 as a debt, to be discharged upon payment of the damages, assessed at $17,479.25. This amount includes the amount of the Hayes judgment with interest at five per cent. from time of its payment and the unpaid premium of $155 aforesaid. While the damages exceed the penalty, it is not and cannot be questioned that interest is recoverable in such case even though that be the result.

*Reversed and judgment here.*