W. J. Bryson, Appellant, v. Jacob H. Fischer, Appellee.

Gen. No. 8,174.

February term, 1930. Heard in this court at the Opinion filed September 2, 1930.

FREDERICK F. BECKMAN, for appellant; CHESTER F. BARNETT, of counsel.

SHELTON F. MCGRATH and A. B. COPELAND, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is an action in assumpsit, brought in the circuit court of Peoria county by W. J. Bryson, appellant, against Jacob H. Fischer, appellee, for a recovery on an indemnifying bond.

The declaration consists of one count and is supported by an affidavit of claim by the appellant and copies of both the indemnity and bail bond are included in the declaration as parts of the declaration and affidavit. To the declaration a general demurrer was filed, which was by the court sustained, and judgment rendered against appellant Bryson in bar of the action and for costs of suit.

In order to have the record reviewed, appellant prosecutes this appeal.

The declaration is as follows:—"W. J. Bryson, plaintiff, by Frederick F. Beckman, his attorney, complains of Jacob H. Fischer, of trespass on the case on promises:

"For that the defendant, Jacob H. Fischer, on the 4th day of March A. D. 1929, by a writing obligatory, bearing date of that day, did acknowledge himself to be held and firmly bound unto the plaintiff herein in the sum of twenty-five hundred ($2,500) dollars, to be paid to the plaintiff, which said writing obligatory was and is subject to a certain condition thereunder written whereby, after reciting to the effect that the said W. J. Bryson has become or is about to become surety at the request of the defendant herein on certain bonds in the sum of twenty-five hundred ($2,500) dollars, one bond being for two thousand ($2,000) dollars and the other for five hundred ($500) dollars, and both bonds being given to the United States of America in the District Court of the United States for the Southern District of Iowa, the said bonds being dated on or about the 28th day of February, A. D. 1929,

wherein Fred Jones is the principal; said bond being made a part of said writing obligatory as fully to all intents and purposes as if fully set forth therein, it was provided that if he, the said Jacob H. Fischer, defendant herein, his heirs, executors or administrators shall at all times save harmless and keep indemnified the said plaintiff, his successors and assigns, against all suits, actions, debts, damages, costs, charges and expenses, including court costs and counsel fees at law or in equity and against all loss and damages whatever that shall or may at any time happen or result to the said plaintiff, his successors or assigns, for or by reason of the suretyship of the said plaintiff as aforesaid, or any continuation or renewal thereof, and if he, the said Jacob H. Fischer, his heirs, executors or administrators, pay or cause to be paid to the said W. J. Bryson the premium on said bond or any continuation or renewal thereof, then this obligation to be void and of no effect, otherwise to remain in full force and virtue, as by copy of said writing obligatory and said condition thereof attached hereto and made a part hereof will appear.

"And the plaintiff avers that the said Jacob H. Fischer, his heirs, executors or administrators, nor any of them, have paid or caused to be paid to the plaintiff the premium on said bond or any continuation or renewal thereof.

"And the plaintiff avers that pursuant to and in consideration of the writing obligatory aforesaid, so executed by the defendant herein, as aforesaid, he did on, to wit, the 5th day of March, A. D. 1929, become surety upon the bonds in said writing obligatory aforesaid mentioned; that at the time the said defendant executed said writing obligatory, each of the parties hereto were informed and understood that the bond referred to in said writing obligatory as being for two thousand ($2,000) dollars was in fact to be a two thousand ($2,000) dollar bond, whereas, in fact and

truth, said bond was in the amount of three thousand ($3,000) dollars; that on said 5th day of March, A. D. 1929, the plaintiff did become surety upon two bonds, one in the amount of three thousand ($3,000) dollars, and the other in the amount of five hundred ($500) dollars, both bonds being given to the United States of America in the District Court of the United States for the Southern District of Iowa, said Fred Jones being principal in both of said bonds, a condition of said three thousand ($3,000) dollar bond being that the said Fred Jones shall personally be and appear before the said District Court of the United States for the Southern District of Iowa, on the first of the next term thereof to be holden in the courthouse of the said United States in the City of Davenport, in said district, on the 2nd day of April, A. D. 1929, and from day to day thereafter during that and subsequent terms, then and there to answer to such matters and things as shall be objected against him on behalf of the United States, etc., and not to depart without leave of said Court, etc., as by a copy of said bond attached hereto and made a part hereof will appear.

"The plaintiff further avers that on the said 2nd day of April, A. D. 1929, the defendant committed a breach of his said bond so entered into as aforesaid with the United States of America by then and there failing to be and appear before the District Court of the United States for the Southern District of Iowa on the said 2nd day of April, 1929, and made default therein; whereupon it was ordered on the 3rd day of April, A. D. 1929, by said District Court, that the said bond be and the same was forfeited to the United States of America in the sum of three thousand ($3,000) dollars.

"The plaintiff further avers that by reason of the premises he became liable to pay and indebted unto the United States of America, the sum of three thousand ($3,000) dollars, and that on the 8th day of

April, A. D. 1929, he, the said plaintiff, did pay to the clerk of the said District Court of Iowa the sum of three thousand ($3,000) dollars, by means whereof the defendant, Jacob H. Fischer, then and there became liable to pay to the plaintiff on request the sum of twenty-five hundred ($2,500) dollars, in accordance with the terms and obligations of his writing obligatory above mentioned, and, being so liable, the defendant, in consideration thereof, then and there promised the plaintiff to pay him the said sum of money on request; yet the defendant, though requested, has not paid to the plaintiff the said sum of money, or any part thereof, but refuses so to do, to the damage of the plaintiff of thirty-five hundred ($3,500) dollars, and therefore he brings his suit, etc.''

In support of his demurrer, appellee insists that he is not liable under the indemnifying bond sued on as the declaration shows that appellant altered appellee's obligation as surety thereon, executed a bail bond of different amount and date from the one specified in the indemnity agreement; that such a departure is fatal. In other words, it is the contention of appellee that the bonds of the character here sued on are strictly construed and that, in as much as the bail bonds in question were for $3,000 and $500 instead of $2,000 and $500, and in view of the fact that they were dated March 5, 1929, instead of February 28, 1929, there can be no recovery against him for that reason.

It will be observed that the indemnifying bond here sued on among other things provides:—that ''Whereas the said W. J. Bryson has become, or is about to become, surety at my request on certain bonds in the sum of $2,500, one bond for $2,000 and the other bond being for $500, and both bonds being given to the United States of America in the District Court of the United States for the Southern District of Iowa and dated on or about the 28th day of February, 1929,

wherein Fred Jones is principal, which bond is made a part hereof as fully to all intents and purposes as if fully set forth herein."

As a condition the bonds provide that "If I, my heirs, executors or administrators shall at all times save harmless and keep indemnified, the said W. J. Bryson, his successors and assigns against all suits, actions, debts, damages, costs, charges and expenses, including court costs and counsel fees, at law or in equity, and against all loss and damages whatever, that shall or may at any time happen or result to the said W. J. Bryson, . . . then this obligation is to be void and of no effect, otherwise to remain in full force and virtue."

It will be seen that the indemnifying bond refers to the bail bonds to be given and makes the same a part thereof. On an examination of the indemnity bond as disclosed by the record which was before the court, appellee over his own signature represented that one of the bail bonds upon which appellant was to become surety in the Federal Court at Davenport, Iowa, was in the amount of $2,000, and by express reference made said bail bond a part of the bond signed by him "as fully to all intents and purposes as if fully set forth."

The recitals all state that said bail bonds on which appellant was to become surety were dated February 28, 1928, four days before appellee signed the bond sued on. Evidently the true amount of the bail to be furnished by Fred Jones had already been determined and fixed by the Federal Court, and at the time the indemnity bond was signed by appellee, that amount was as much within his knowledge as within the knowledge of the appellant for the reason that he made the bail bonds a part of his own bond.

When a bond by reference makes a contract a part thereof, to indicate the liability assumed, the contract

becomes part of the guaranty, and both the bond and the contract must be taken and read together as one instrument in order to ascertain the liability of the obligor on the bond. Vol. 9 Corpus Juris 36; *Bartlett v. Wheeler*, 195 Ill. 445.

A contract which by the terms of the bond in question is made a part thereof, is as fully and completely a part of the bond itself as though copied therein at length. *City of Flora v. Searles*, 127 Ill. App. 465–468; *Bartlett v. Wheeler, supra; Jordan v. Kavanaugh*, 63 Iowa 152; *Baker v. Bryan*, 64 Iowa 561; *Brown v. Markland*, 22 Ind. App. 652.

When the indemnity bond and the bail bonds are read together, all of the facts were before the appellee and he is bound to the same extent he would have been if the bail bond had been copied in his indemnifying bond and he affixed his signature thereto.

Since it is the rule that both the bond and the contract must be taken and read together as one instrument in order to ascertain the liability of the obligor on the bond, appellee is in no position to urge that his obligation has been extended by implication or construction nor increased in any manner for the reason he limited his liability in his indemnifying bond to $2,500, and no effort is being made to recover more than that from him in this proceeding. Appellee does not become liable to pay a sum greater than $2,500, no matter what the amount of the bail bond may be.

In determining the question of liability in this cause, it is proper to keep in mind that the indemnity bond sued on and the recitals therein is the bond of appellee as well as his recitals. The bond was given to induce the appellant to become surety for one Fred Jones in a criminal cause. Appellant reposing confidence in appellee and relying upon the promises made by him in his bond did become surety for Jones and afterwards did pay to the clerk of the district court

of the United States for the Southern District of Iowa the sum of $3,000, because of the default made by Jones.

One who signs a bond and thereafter obtains all the benefits thereof is estopped from denying its binding obligation and the truth of the recitals therein. *Moses v. Royal Indemnity Co.*, 276 Ill. 177, 179–180; *McCarthy v. Alphons Custodis Chimney Const. Co.*, 219 Ill. 616–623; *George v. Bischoff*, 68 Ill. 236.

A written obligation to indemnify a party in a certain amount on certain specified conditions has the characteristics of a bond. *Globe Indemnity Co. v. Kesner*, 203 Ill. App. 405.

A contract of guaranty must be interpreted according to the evident intention of the parties as gathered from its context and the circumstances attending its execution. *Haish v. Marshall Field & Co.*, 103 Ill. App. 90; *Swisher v. Deering*, 204 Ill. 203.

Where a guaranty makes special reference to a proposition between the parties to the original transaction, the two agreements will be construed together. *Bogardus v. Phoenix Mfg. Co.*, 120 Ill. App. 46.

It is also urged that the indemnity bond sued on is void as against public policy.

By the weight of authority a bond or contract to indemnify a person on account of his becoming bail for a prisoner charged with criminal offense, is not void as against public policy. Vol. 31 Corpus Juris 425.

In *Leary v. United States*, 224 U. S. 567, Judge Holmes in passing upon the public policy phase of this class of contracts among other things said: ''The only matters which seem to us to need argument are the questions of public policy and laches. As to the former, the ground for declaring the contract invalid rests rather on tradition than on substantial realities of the present day. It is said that the bail contemplated by the Revised Statute (section 1014) is a

common-law bail and that nothing should be done ·to diminish the interest of the bail in producing the body of his principal. But bail no longer is the *mundium,* although a trace of the old relation remains in the right to arrest (Rev. Stat. section 1018). The distinction between bail and suretyship is pretty nearly forgotten. The interest to produce the body of the principal in court is impersonal and wholly pecuniary. If, as in this case, the bond was for $40,000, that sum was the measure of the interest on anybody's part, and it did not matter to the government what person ultimately felt the loss, so long as it had the obligation it was content to take. The law of New York recognizes the validity of contracts like the one alleged and, without considering whether the law of New York controls, we are content to say merely that the New York decisions strike us as founded in good sense (*Maloney v. Nelson,* 144 N. Y. 182, 189 s. c. 158 N. Y. 351–355.)''

Appellee says that the holding in the *Leary* case is based upon the law of the State of New York. The New York law provides for bail the same as does the State of Illinois and in both New York and Illinois, defendants in criminal cases may enter into a personal recognizance by posting a cash bond.

From the opinion in the case of *Essig v. Turner,* 60 Wash. 175, 110 Pac. 998, it appears that in the State of Washington they have a statute by which a prisoner may in lieu of personal surety deposit money in a sum equal to the amount fixed for his appearance and in discussing the question of the policy of the State to insist upon personal liability of surety, the court said:—''It therefore cannot be said to be a part of the public policy of this State to insist upon personal liability of sureties for there need not be such personal liability in any case if the accused make a deposit of money in lieu of bail as provided by the statute.''

A bond of indemnity given by a person under charge of felony to indemnify his bail in a recognizance for his appearance to answer the charge is not void as against public policy. *Carr v. Davis,* 64 W. Va. 522, vol. 16 Am. & Eng. Annotated Cases 1031.

In *Stevens v. Hay,* 61 Ill. 399, a bail bond was signed by the plaintiff in the State of Ohio and thereupon he became the assignee of a mortgage which was given by the mortgagor for the expressed purpose of indemnifying whoever might sign the bail bond. The accused fled and the criminal bond was forfeited.

After discussing at length the conflicting evidence in the cause, the court sanctioned the policy of enforcing indemnity at page 403 by saying:—"We regard the evidence as abundant to show that he (the plaintiff) was the assignee, and, as such, had the right, which has vested in his representative to enforce the mortgage to indemnify him for moneys paid by him on the forfeiture of the recognizances." In this case the court recognized the right of one who had signed a bail bond for another and indemnified himself against loss by taking a chattel mortgage upon the property of a third person to enforce his lien against such third person.

We take it from the authorities that what is meant when it is said that the bond is void against public policy is this—that it tends to make the bail less watchful to prevent the escape of the accused from trial than he would be if not indemnified; that if not indemnified, the bail would keep strict watch on the accused and on suspicion of escape to save himself from loss would arrest the accused and return him to prison to stand trial, but being indemnified he does not care.

We are not unmindful of the fact that the decisions of the court are not uniform in their holdings on the question of the propriety of the giving a bond of indemnity given by a prisoner under charge of felony

to indemnify his bail in a recognizance for his appearance to answer the charge. In some of the States it is held that a bond given for such purpose is void as against public policy.

We have examined a number of cases in which this question has been very fully and ably discussed, and we are clearly of the opinion that the weight of authority is to the effect that a bond or contract to indemnify a person on account of his becoming a bail for a prisoner charged with a criminal offense, is not void against public policy.

As was said in *Carr v. Davis, supra:*—''The law allows bail. We may say that the law favors bail as a relief from prison in cases where bail is grantable, and it would tend to defeat this merciful provision of law if we should adopt the harsh rule that a man, perhaps innocent, cannot use his property to indemnify his friend to relieve him from prison bars. We do not see that the matter is so far against public policy as to impel us to adopt so severe a rule.''

We conclude therefore, the bond sued on is not void on the ground of public policy.

In conclusion appellee was eager enough to procure the release of Jones, to solemnly promise to indemnify appellant to the extent of $2,500, if appellant signed the bail bond. The true purpose of his promise was to have appellant become surety for Jones. Appellant did so and it cost him $3,000.

The rule announced in *Dick Co. v. Sherwood Letter File Co.,* 157 Ill. 325, is quite appropriate to invoke here where the court, at page 338 said:—''It seems that these more important parts of the contract—the very promises that each made to the other—should be given prevailing force and effect in the interpretation of the agreement, rather than a matter that is stated by mere way of recital in a preamble.''

There is no intention to extend the indemnity agreement beyond its explicit terms. In view of the state of the record we are of the opinion that the declaration filed in this cause, states a cause of action. There may be some question as to the amount appellant is entitled to recover, if he can prove his case as laid in the declaration, but this matter does not arise upon the general demurrer.

We conclude therefore, that the circuit court of Peoria county erred in sustaining the demurrer to the declaration. The judgment of the circuit court of Peoria county is reversed and the cause remanded.

*Reversed and remanded.*