## American Trust & Savings Bank v. Crowe & Gillen (a Corporation).

1.  CHECKS—*What is Not a Defense to an Action on.*—The fact that a party obtained the possession of a check from the payee by false representation is no defense to the same in the hands of a person without knowledge of the transaction.

2.  SAME—*Certification—Evidence of, etc.*—Where a bank certifies a check, it is manifest that the bank has sufficient funds of the drawer at the time of the certification on deposit to pay it, and the transfer of the check carries with it, as against the bank, title to the amount named in it.

3.  ULTRA VIRES—*Question of, Can Not Be Raised for the First Time in the Appellate Court.*—The question of *ultra vires* is one of law, and can not be raised for the first time in the Appellate Court.

Assumpsit, on a certified check.   Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the October term, 1898.   Affirmed.   Opinion filed May 8, 1899.

L. H. CRAIG, attorney for appellant.

W. R. HAUZE, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of the appellee, a corporation, against appellant, on a check for $125 drawn on appellant and by it certified.   The check, dated March 31, 1898, was drawn by Maggie Seass, payable to the order of Lucas Seass, indorsed by him and Guy H. Powell, and when put in evidence had stamped on the back the impressions, " Henry L. Turner & Co."   " Paid through Chicago Clearing House, April 2, 1898, to Merchants National Bank."   Across the face of the check was the stamped impression, " Accepted, payable through the Chicago Clearing House."   " American Trust and Savings Bank, per J. B. Snell."   The evidence was that the acceptance or certification of the check occurred between March 31, 1898, and April 2, 1898.   The secretary of the appellee testified that

Guy H. Powell brought to him the check certified, and requested him to cash it; that not having the money on hand, he took the check to the bank of Henry L. Turner &, Co., with which bank appellee did business; that the bank cashed it for the appellee, and he, the secretary, paid the money to Powell, and that, subsequently, he went to the appellant and presented the check for payment, when he was informed that payment had been stopped. Henry L. Turner & Co. charged to appellee the amount of the check, and when appellee learned that payment had been stopped, it returned that amount to Turner & Co.

At the close of appellee's case appellant's attorney made a lengthy statement of facts, which he offered to prove, the substance of which is that Guy H. Powell obtained the check from Lucas Seass, the payee, by falsely representing that certain papers delivered by Powell to said Seass were a transfer to him, Seass, and one Anson, of the charter of a corporation; also that Seass was the owner of the check. This was all the evidence offered by appellant. The court correctly held that the facts, if proved, would constitute no defense. The indorsements showed appellee to be the legal owner. Lucas Seass, the payee, indorsed the check to Powell, and the latter, for a valuable consideration, indorsed it to appellee. If Powell procured the check from the payee by means of false statements in reference to the legal effect of the papers delivered by him to the payee, of which, so far as appears from the evidence or any offer of proof made, appellee knew nothing, this constitutes no defense on the part of the appellant bank.

It is manifest from the certification of the check that appellant, when it certified it, had sufficient funds of the drawer to pay it, and the transfer of the check to appellee carried with it, as against the bank, title to the amount named in the check. Bank v. Banking Co., 114 Ill. 483.

The object of appellee's incorporation was to engage in the restaurant and buffet business, and appellant's counsel contends here that the cashing of the check by appellee was *ultra vires*, although it does not appear from the motion

made in writing for a new trial, or otherwise, that this objection was made in the trial court. The question is one of law, and can not be raised here for the first time; but even though it could, it would not avail appellant. The judgment will be affirmed.