## Thaddeus R. Place, Appellee, v. Tri-State Investment Company, J. L. Henry and John M. Ijams, Appellants.

1. APPEAL AND ERROR, § 1447*—*when sustaining of exceptions to proper answer and demurrer to proper cross-bill is harmless error.* Even though the averments excluded from the answer of a trustee, in a suit by the purchaser of land against the trustee of property of the vendor held in trust for the purchaser as security for the performance of the contract, and the averments in a cross-bill by another person were sufficient in form and substance to have entitled the defendants to make proof of them, the ruling of the court in sustaining the exceptions to the answer and the demurrer to the cross-bill was harmless error, where defendants were permitted, over objections of complainant, to make such proof as they had of the matters therein averred, complainant was permitted to rebut the same, and on the whole record the proof failed to establish any rights that defendants had been deprived of in the decree appealed from.

2. EQUITY, § 188*—*when leave of court to file cross-bill is necessary.* While a person not a party to an original bill may in proper cases obtain leave to file a cross-bill, without such leave no right exists to do so.

3. TRUSTS, § 245*—*what not defense to suit against trustee for failure to hold lands of vendor in trust for purchaser of other land.* It is no defense to a suit to enforce a covenant by a trustee to hold land of a vendor in trust for the purchaser of other land

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for specific purposes that there were secret liens on the land of which complainant had no notice, either actual or constructive, that must first be protected.

4. Evidence, § 333*—*what is extent of right to show real consideration for contract.* The right to show what is the real consideration for the making of a contract is limited to what the parties understood the consideration to be at the time the contract was entered into.

5. Corporations, § 702*—*what was purpose of law regulating right of foreign to do business in State.* The law prohibiting foreign corporations from doing business in the State except under certain circumstances and conditions was intended as a weapon of defense in the hands and for the protection of those with whom such corporations undertake to do business, and not as a shield behind which corporations or their agents or abettors can hide, when it is sought to enforce the performance of their obligations.

6. Appeal and error, § 365*—*what objection cannot be raised first on appeal.* The point that a real estate company, a vendor of land, was not authorized to do business within the State and that the contract between the vendor and purchaser and a third person as trustee of other land of the vendor, by which such trustee agreed to hold the latter in trust until certain acts were performed by the vendor, was void, cannot be considered when raised for the first time on appeal.

7. Damages, § 153*—*what recoverable for breach of contract between vendor and vendee of realty.* Evidence *held* sufficient to show that the purchaser of land was damaged to the extent of $6,137 for failure of the vendor to perform its covenants to rent the land, reduce the mortgage indebtedness to a certain sum and procure an extension of time for maturing of the mortgage indebtedness.

Appeal from the Circuit Court of McLean county; the Hon. Sain Welty, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed October 22, 1918. *Certiorari* denied by Supreme Court (making opinion final).

Herrick & Herrick and Barry & Morrissey, for appellants.

Sterling, Livingston & Whitmore, for appellee.

Mr. Justice Graves delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On November 11, 1912, appellee purchased of the Tri-State Investment Company a tract of land in Minnesota containing 560 acres on which there was an outstanding mortgage amounting to $16,560. As a part of the contract of purchase the Tri-State Investment Company agreed to reduce the mortgage indebtedness to $16,500 and procure a loan of that amount due on or before 5 years from March 1, 1913, with a privilege of a 5-year extension, the same to draw 6 per cent interest per annum, and also guaranteed to rent, the land so purchased for the term of 3 years, commencing March 1, 1913, at an annual cash rental of $5.50 per acre, and also guaranteed the payment of such rental. When the time for the consummation of the deal had arrived, the Tri-State Investment Company had not reduced the mortgage indebtedness to $16,500, or secured the agreed loan upon the agreed terms, nor had it succeeded in renting the farm as agreed, and appellee objected to closing the deal until these matters were adjusted. Accordingly on April 2, 1913, the parties entered into a second contract in which the Tri-State Investment Company agreed to "furnish said lease as soon as possible, and to have said mortgage changed to be for a term of five (5) years straight, said mortgage to be altered before the first interest paying date," and further agreed that certain properties in McLean and Champaign counties, Illinois, held by one J. L. Henry, as trustee, for the Tri-State Investment Company should hold the same in trust for appellee until the contract in relation to the $16,500 mortgage and the 3-year lease should be performed on the part of the Tri-State Investment Company. To this contract the said J. L. Henry was a party. Thereupon the deed to the Minnesota land was delivered to and accepted by appellee, and he performed his part of the contract of purchase by turning over the agreed consideration. In October, 1915, the Tri-State Investment Company not having per-

formed either of the covenants referred to, appellee filed his bill in chancery in the Circuit Court of McLean county, Illinois, in which he prays for an accounting of the rents and profits realized by J. L. Henry, the said trustee, from said lands; that he be ordered to pay and turn over to appellee the proceeds of certain of the lands which he was to hold in trust for appellee but which he had already alienated and to convey to appellee title to such of the said lands as were still in his name, and for general relief. To this bill the Tri-State Investment Company and J. L. Henry are made defendants. Appellant J. L. Henry alone filed his answer to the bill, and he and one John M. Ijams filed a cross-bill. Exceptions were filed to the answer of J. L. Henry and a demurrer was interposed to the cross-bill. The sixth, seventh and eighth exceptions to the answer were sustained and the balance were overruled, and the demurrer to the cross-bill was sustained. The portions of the answer to which exceptions were sustained, and the cross-bill, undertook to set up certain claims against the trust property that were not mentioned in the deed or declaration of trust. Even if it be conceded that the averments excluded from the answer and the averments in the cross-bill were sufficient both in form and substance to have entitled appellant to have made proof of them, still the ruling of the court in sustaining these exceptions to the answer and the demurrer to the cross-bill is not reversible error, because appellant was permitted over objections of appellee, to make such proof as he had of the matters therein averred, appellee was permitted to rebut the same, and on the whole record the proof failed to establish any rights that appellant has been deprived of in the decree appealed from. The demurrer to the cross-bill was properly sustained for another reason. John M. Ijams, one of the complainants in the cross-bill, was not a party to the suit. He did not answer the original bill

nor did he obtain or ask leave to intervene or to file a cross-bill. While a person not a party to an original bill may in proper cases obtain leave to file a cross-bill, without such leave no right exists to do so. Chapter 22, sec. 30, Rev. St. (J. & A. ¶ 910); *Hall v. Davis,* 44 Ill. 494. The court by its decree found that appellee had sustained damage to the amount of $6,137; that the property in question was held in trust by J. L. Henry to secure the payment of that amount; that one parcel of the property had been sold and that Henry had in his hands $51.04 of the proceeds of such sale, and ordered the said Henry to turn that amount over to appellee; that in case appellee was not paid the balance of the amount found due within 20 days, the balance of the trust property be sold and the proceeds thereof, after paying the costs and expenses of the sale, etc., should be turned over to appellee to the amount necessary to liquidate his said damages. The appeal was prayed by J. L. Henry and said John M. Ijams, one of the complainants in the cross-bill. The covenant for the breach of which this suit was brought was that wherein appellant J. L. Henry agreed to hold the property therein described in trust for appellee for certain definite purposes. It was a specific unqualified agreement. It was not that he would hold the equity of the property in trust for appellee, but that he would hold the property itself. It is no defense to a suit to enforce such a covenant to say that there were certain secret liens on the land of which appellee had no notice, either actual or constructive, that must be first protected. Such a course would amount to making a new contract for the parties, which courts are powerless to do. In this case the weight of the evidence shows that appellee had no notice of these claimed liens.

Appellant contends that in attempting to show the existence of the liens mentioned in the answer and cross-bill they were merely undertaking to show the

real consideration that passed to appellee to induce him to accept the Minnesota land before the investment company had performed its part of the agreement, and that proof of the consideration for a contract is always admissible. The right to show the real consideration for the making of a contract is limited to what the parties understood the consideration to be at the time the contract was entered into. What we hold is that the proof offered in this case fails to show that appellee knew or had any notice, constructive or otherwise, of the liens mentioned in the answer or cross-bill, or that he contracted with reference to such liens.

Appellant now insists that the Tri-State Investment Company is not authorized to do business in this State and that therefore the contract sued on is void. The law prohibiting foreign corporations from doing business in this State, except under certain circumstances and conditions, was intended as a weapon of defense in the hands and for the protection of those with whom such corporations undertake to do business, and not as a shield behind which such corporations or their agents or abettors can hide, when it is sought to enforce the performance of their obligations. *McCarthy v. Alphons Custodis Chimney Const. Co.,* 219 Ill. 616. Besides that the point was not raised in the court below, and it cannot be considered when raised for the first time on appeal. *American Trust & Savings Bank v. Crowe & Gillen,* 82 Ill. App. 537.

It is also urged that the finding of the court that appellee was damaged by the failure of the investment company to perform its covenants to the extent of $6,137 is more than the evidence shows by $110. The evidence shows that appellee's damage on account of the failure of the investment company to rent the land for the stipulated price was $6,007, and that the failure of the investment company to reduce the mortgage indebtedness on the Minnesota lands to

$16,500 was a damage to appellee of $60, and the failure to procure an extension of time for the maturing of the mortgage indebtedness required appellee to borrow $3,500 to pay that much of the $16,500 mortgage as matured in the meantime, and that in order to raise that amount he was damaged in the sum of $70, which he was compelled to pay as commission on the $3,500 borrowed. These three items of damages when added together make the exact sum of $6,137.

We find no error in this record and the decree is affirmed.

*Decree affirmed.*